IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MERIAL LLC, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | NO. 1:11-cv-2888-JOF |
| v. | ) | |
| | ) | |
| BAYER HEALTHCARE LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

PLAINTIFF MERIAL LLC'S ANSWER TO
DEFENDANT BAYER HEALTHCARE LLC'S COUNTERCLAIMS

Pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, plaintiff Merial LLC ("Merial") hereby replies to defendant Bayer HealthCare LLC's ("Bayer") Counterclaims as follows:

Nature of the Action

1. Merial admits that Bayer has asserted counterclaims against Merial for false advertising and unfair competition under federal and state law and that Merial and Bayer are competitors in the sale of certain pet medicines. Merial denies the remainder of this paragraph.

2.  Merial admits that Bayer makes K9 Advantix® II ("K9 Advantix") and Advantage® II ("Advantage"); admits that K9 Advantix and Advantage compete with FRONTLINE Plus; admits that Bayer initiated a challenge before the National Advertising Division of the Council of Better Business Bureaus (the "NAD"); and admits that the NAD is a forum for resolving advertising disputes. Merial further admits that it participated in Bayer's challenge before the NAD. Merial states that the NAD decision and Merial's statement in response speak for themselves. Merial admits that it appealed part of the NAD's decision to the National Advertising Review Board (the "NARB") and that the NARB is a forum for appealing NAD decisions. Merial states that the NARB decision and Merial's statement in response speak for themselves. Merial denies the remainder of this paragraph.

3.  Merial admits that the NAD referred certain of Merial's advertising to the Federal Trade Commission ("FTC") and that the FTC is evaluating the referral. Merial denies the remainder of this paragraph.

4.  Merial denies the allegations of this paragraph.

5.  Merial denies the allegations of this paragraph.

6.  Upon information and belief, Merial admits the first sentence. Merial denies the second sentence. As to the remaining sentences, Merial states that the

Blagburn study speaks for itself, and denies Bayer's characterization of this study. Merial denies the remainder of this paragraph.

7. Merial denies the first sentence. Merial states that the reports received by the Food and Drug Administration's Center for Veterinary Medicine speak for themselves. Merial further states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of this paragraph and denies them on that basis.

8. Merial states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of this paragraph and denies them on that basis. Merial denies the remainder of this paragraph.

## The Parties

9. Merial admits the first and third sentences. As to the second sentence, Merial states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations and denies them on that basis. Merial denies the remainder of this paragraph.

10. Merial admits the allegations of this paragraph.

## Jurisdiction and Venue

11. Merial admits the allegations of this paragraph.

12. Merial denies that it disseminated false advertising. Merial admits the remainder of this paragraph.

13. Merial denies that it distributed false advertising. Merial admits the remainder of this paragraph.

### Merial's Alleged False and Misleading Advertising

14. Merial states that its advertisements speak for themselves. Merial denies the remainder of this paragraph.

15. Merial admits that FRONTLINE Plus, K9 Advantix, and Advantage are labeled for once-a-month dosing, and states that Merial's advertisements speak for themselves. Merial denies the remainder of this paragraph.

16. Merial states that its advertisements speak for themselves. Merial denies the remainder of this paragraph.

17. Merial denies the allegations of this paragraph.

18. Merial states that Bayer's survey evidence submitted to the NAD speaks for itself. Merial denies the remainder of this paragraph.

19. Merial states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of this paragraph and denies them on that basis. Merial denies the remainder of this paragraph.

20. Merial states that its advertisements, and the NAD and NARB decisions, speak for themselves. Merial admits that it takes hours for the active ingredient in FRONTLINE Plus, fipronil, to translocate around a pet's skin to cover its body, although on some pets it may be less. As to the seventh sentence, Merial states that the study speaks for itself. Merial denies the remainder of this paragraph.

The NAD and NARB Decisions

21. Merial admits that Bayer sent a letter to the NAD dated June 15, 2010 and states that the letter speaks for itself. As to the second, third, and fourth sentences, Merial states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations and denies them on that basis. Merial admits that it participated in the NAD process. Merial denies the remainder of this paragraph.

22. Merial admits the first sentence. Merial states that the NAD's decision and Merial's statement in response speak for themselves. Merial denies the remainder of this paragraph.

23. Merial states that the documents referenced in this paragraph speak for themselves. Merial admits that it appealed to the NARB part of the NAD's decision. Merial denies the remainder of this paragraph.

24. Merial states that its statement in response to the NAD's decision and its advertisements speak for themselves. Merial admits that it aired new commercials in May 2011 that used ninja animations and used "completekiller.com." Merial denies the remainder of this paragraph.

25. Merial states that its advertisements speak for themselves. Merial denies the remainder of this paragraph.

26. Merial states that its advertisements speak for themselves. Merial denies the remainder of this paragraph.

27. Merial states that its advertisements and the NAD and NARB decisions speak for themselves. Merial denies the remainder of this paragraph.

28. Merial states that the documents referenced in this paragraph speak for themselves. Merial denies the remainder of this paragraph.

29. Merial admits that it participated in the NAD and NARB proceedings, that the NAD referred certain of Merial's advertising to the FTC, and that the FTC is evaluating the referral. Merial states the NAD and NARB decisions and Merial's statements in response speak for themselves. Merial denies the remainder of this paragraph.

30. Merial denies the allegations of this paragraph.

## COUNT I: FALSE ADVERTISING
## UNDER SECTION 43(a) OF THE LANHAM ACT

31. Merial repeats and realleges its responses to the allegations of the foregoing paragraphs, as set forth above, as if fully set forth herein.

32. Merial denies the allegations of this paragraph.

33. Merial denies the allegations of this paragraph.

34. Merial denies the allegations of this paragraph.

35. Merial denies the allegations of this paragraph.

36. Merial denies the allegations of this paragraph.

## COUNT II: VIOLATION OF THE
## GEORGIA DECEPTIVE TRADE PRACTICES ACT

37. Merial repeats and realleges its responses to the allegations of the foregoing paragraphs, as set forth above, as if fully set forth herein.

38. Merial denies the allegations of this paragraph.

39. Merial denies the allegations of this paragraph.

## COUNT III: FALSE ADVERTISING
## UNDER STATE LAW

40. Merial repeats and realleges its responses to the allegations of the foregoing paragraphs, as set forth above, as if fully set forth herein.

41. Merial denies the allegations of this paragraph.

42. Merial denies the allegations of this paragraph.

43. Merial denies the allegations of this paragraph.

44. Merial denies the allegations of this paragraph.

## COUNT IV: UNFAIR COMPETITION
## UNDER STATE COMMON LAW

45. Merial repeats and realleges its responses to the allegations of the foregoing paragraphs, as set forth above, as if fully set forth herein.

46. Merial denies the allegations of this paragraph.

47. Merial denies the allegations of this paragraph.

48. Merial denies the allegations of this paragraph.

49. Merial denies the allegations of this paragraph.

## DEFENSES

1. Bayer's counterclaims fail to state a claim against Merial upon which relief can be granted.

2. Bayer's counterclaims are barred, in whole or in part, by laches, waiver, acquiescence, and/or estoppel.

3. Bayer's counterclaims are barred by unclean hands.

4. The statements challenged by Bayer are protected by the First Amendment, and the injunction sought by Bayer violates the First Amendment.

Any allegations in Bayer's Counterclaims not specifically admitted are hereby denied.

WHEREFORE, Merial respectfully requests judgment dismissing with prejudice Bayer's Counterclaims in their entirety, denial of Bayer's prayer for relief, and granting Merial the relief requested in its Complaint.

### JURY DEMAND

Merial requests a trial by jury on all claims so triable.

Respectfully submitted, this 17th day of October, 2011.

KING & SPALDING LLP

s/ Courtland L. Reichman
Courtland L. Reichman
  (Ga. Bar No. 599894)
Jill Wasserman
  (Ga. Bar No. 739662)
Suzanne Werner
  (Ga. Bar No. 321398)

1180 Peachtree Street, N.E.
Atlanta, Georgia  30309
(404) 572-4600

Attorneys for Plaintiff
MERIAL LLC

CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2011, I electronically filed the foregoing Plaintiff Merial LLC's Answer to Defendant Bayer HealthCare LLC's Counterclaims with the Clerk of the Court using the CM/ECF system.

        s/ Courtland L. Reichman
        Courtland L. Reichman
        (Ga. Bar No. 599894)