IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MERIAL LLC

      Plaintiff and Counterclaim-Defendant,

v.

BAYER HEALTHCARE LLC

      Defendant and Counterclaim-Plaintiff.

Civil Action
No. 1:11-cv-02888-JOF

## Joint Preliminary Report and Discovery Plan

**1.    Description of Case:**

(a) **Describe briefly the nature of this action.**

    Merial LLC ("Merial") brought this action against Bayer HealthCare LLC ("Bayer") for false advertising and unfair competition in connection with Bayer's advertisements of its product Advantage Multi® for Dogs ("Advantage Multi") under

      1.    Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a),

      2.    the Georgia Uniform Deceptive Trade Practices Act, O.C.G.A. § 10-1-370 *et seq.*,

      3.    the Georgia Unfair Competition Statute, O.C.G.A. § 23-2-55, and

      4.    common law.

Merial also seeks a declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, and Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), that it has not violated the Lanham Act in connection with its own advertisements of its product Frontline® Plus ("Frontline Plus").

Bayer brought counterclaims against Merial for false advertising and unfair competition in connection with Merial's advertisements for Frontline Plus under

1. Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a),

2. the Georgia Uniform Deceptive Trade Practices Act, O.C.G.A. § 10-1-372,

3. state false advertising law, including O.C.G.A. § 10-1-421 and 10-1-423 and analogous laws in other states in which Merial's products are sold, and

4. common law.

**(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

Merial and Bayer produce competing heartworm preventatives for dogs: Merial produces Heartgard® Plus for Dogs ("Heartgard") and Bayer produces Advantage Multi.

Merial's false advertising and unfair competition claims concern certain Bayer advertisements of Advantage Multi. Merial alleges that certain of Bayer's advertisements state or imply the superiority of Bayer's product based on a study by Dr. Byron L. Blagburn of Auburn University that Bayer commissioned. This study, Merial alleges, does not support the statements made in Bayer's advertising. Bayer contends that Dr. Blagburn's study fully supports the claims made in its advertising.

Merial and Bayer also both produce competing flea and tick products for pets: Merial produces Frontline Plus and Bayer produces K9 Advantix® II and Advantage® II products.

Merial has asserted a declaratory judgment claim against Bayer based on Merial's advertisements of Frontline Plus.  Merial contends that these advertisements do not violate the Lanham Act or related state laws.  Merial brought this action seeking a declaration that its advertisements are not false, misleading, or unsubstantiated, do not violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and are protected by the First Amendment.

Bayer's false advertising and unfair competition claims concern the same advertisements that are subject to Merial's declaratory judgment claim.  Bayer contends that these advertisements are false and misleading in violation of the Lanham Act and related state laws.  Bayer alleges that Merial is conducting a national advertising campaign (including print, television and Internet advertising) involving Frontline Plus with multiple claims centered around the description of its product as the "complete killing force."  Bayer alleges that those claims include that Frontline Plus kills fleas and ticks immediately following application, that it is 100 percent effective against fleas and ticks, and that it retains that complete effectiveness for a full 30 days.

(c) **The legal issues to be tried are as follows:**

  1. Whether Bayer has made false or misleading statements of fact in commercial advertisements about Advantage Multi in violation of the Lanham Act and related state laws.

  2. Whether Merial has been or is likely to be injured as a result of Bayer's statements.

  3. Whether Merial is entitled to injunctive relief, corrective advertising, and monetary remedies.

  4. Whether Merial is entitled to a declaratory judgment that its advertisements for Frontline Plus do not violate the Lanham Act.

5.      Whether Merial has made false or misleading statements of fact in commercial advertisements about Frontline Plus in violation of the Lanham Act and related state laws.

6.      Whether Bayer has been or is likely to be injured as a result of Merial's statements.

7.      Whether Bayer is entitled to injunctive relief, corrective advertising, and monetary remedies.

(d) **The cases listed below (include both style and action number) are:**

(1) **Pending Related Cases:**

There are no pending related cases.

(2) **Previously Adjudicated Related Cases:**

Merial states that there have been no previously adjudicated related cases in federal or state court.  Bayer states that it filed an advertising challenge (and later a compliance challenge) before the National Advertising Division ("NAD") of the Council of Better Business Bureaus.  Merial appealed certain aspects of the NAD's first decision to the National Advertising Review Board ("NARB").  The NAD and NARB decisions are as follows:

*Merial Limited (Frontline Plus)*, NAD Case No. 5249 (Nov. 3, 2009)

*Merial Limited (Frontline Plus)*, NARB Panel No. 172 (June 8, 2011)

*Merial Limited (Frontline Plus)*, NAD Case No. 5249C (June 28, 2011)

**2.     This case is complex because it possesses one or more of the features listed below (please check):**

|         |      |                                                          |
|---------|------|----------------------------------------------------------|
| _____  | (1)  | Unusually large number of parties                        |
| _____  | (2)  | Unusually large number of claims or defenses             |
| _____  | (3)  | Factual issues are exceptionally complex                 |
| _____  | (4)  | Greater than normal volume of evidence                   |
| __X__   | (5)  | Extended discovery period is needed                      |
| _____  | (6)  | Problems locating or preserving evidence                 |
| __X[1]__ | (7) | Pending parallel investigations or action by government |
| __X__   | (8)  | Multiple use of experts                                  |
| _____  | (9)  | Need for discovery outside United States boundaries      |
| __X__   | (10) | Existence of highly technical issues and proof           |
| _____  | (11) | Unusually complex discovery of electronically stored information |

**3.     Counsel:**

**The following individually-named attorneys are hereby designated as lead counsel for the parties:**

**Plaintiff:**

David H. Bernstein of Debevoise & Plimpton LLP

**Defendant:**

Courtland L. Reichman of King & Spalding LLP

---

[1] The NAD referred the parties' dispute concerning Merial's advertisements for Frontline Plus to the Federal Trade Commission ("FTC").  Merial understands that the FTC has not, as of the filing of this report, opened a formal investigation. Merial states that it does not, as a result of this lawsuit, waive any claims, counterclaims, rights, or defenses in any investigation that the FTC may decide to pursue.

4.      **Jurisdiction:**

**Is there any question regarding this Court's jurisdiction?**

\_\_\_\_\_ Yes   \_X\_ No

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

5.      **Parties to This Action:**

(a) **The following persons are necessary parties who have not been joined:**

None.

(b) **The following persons are improperly joined as parties:**

None.

(c) **The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

The defendant and counter-plaintiff in this action has been inaccurately stated and should instead be "Bayer HealthCare LLC".

(d) **The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

6.      **Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.

(a) **List separately any amendments to the pleadings that the parties anticipate will be necessary:**

    None.

(b) **Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

7.    **Filing Times For Motions:**

    **All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.**
    **All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).**

(a) *Motions to Compel*: **before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.**

(b) *Summary Judgment Motions:* **within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.**

(c) *Other Limited Motions*: **Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.**

(d) *Motions Objecting to Expert Testimony:* **Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.**

8.      **Initial Disclosures:**

**The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed. R. Civ. P. 26(a)(1)(B).**

None.

9.      **Request for Scheduling Conference:**

**Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.**

No.

10.     **Discovery Period:**

**The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.**

**Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

**Please state below the subjects on which discovery may be needed:**

- Documents and testimony relating to the cost of Bayer's advertising for its Advantage Multi products and Merial's advertising for its Frontline Plus products, and the profits as a result of such advertising.

- Documents and testimony related to Bayer's sales practices for Advantage Multi and Merial's sales practices for Frontline Plus,

including communications between sales representatives and veterinarians or distributors.

- Documents and testimony regarding the efficacy of Advantage Multi and Frontline Plus, including any studies and communications.

- Documents and testimony supporting or undermining Bayer's statements in its Advantage Multi advertisements and Merial's statements in its Frontline Plus advertisements.

- Documents and testimony involving veterinarian and consumer perception of Advantage Multi and Frontline Plus, including any surveys.

- Documents and testimony involving any reaction to or action taken by Merial in response to the NAD or NARB rulings or the FTC action.

- Documents and testimony involving the preparation and circulation of Advantage Multi advertisements.

- Documents and testimony involving preparation and circulation of Frontline Plus advertisements.

- Documents and testimony related to the prevalence of the MP3 heartworm strain and to the efficacy of Heartgard or Advantage Multi against the MP3 strain and any other resistant strains of heartworm.

- Documents and testimony related to surveys regarding Bayer's advertisements and communications involving the Blagburn study.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

The parties anticipate that 9 months of discovery will be necessary in this case due to the technical nature of the claims.  The parties likely will engage experts and commission surveys to assess consumer and veterinarian confusion. Such surveys will take time to conduct and analyze.

This litigation also involves scientific studies.  The parties likely will need to retain experts to opine upon these studies and other technical issues in this case and ensure that the experts have sufficient time to write their reports and be deposed.

The parties have agreed to the following deadlines within the 9 month discovery period:

- Close of all fact discovery – March 23, 2012

- Exchange of initial expert reports in support of the parties' affirmative claims (including all surveys to be used in support of the parties' affirmative claims) – April 27, 2012

- Exchange of rebuttal expert reports or other expert reports to be used in support of the parties' defenses (including all surveys to be used in support of the parties' defenses) – June 1, 2012

- Exchange of sur-rebuttal expert reports (which shall be limited to responses to the rebuttal expert reports) – June 29, 2012

- Close of all discovery – August 3, 2012

**11. Discovery Limitation and Discovery of Electronically Stored Information:**

(a) **What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?**

The parties have agreed (i) that expert depositions will not be counted towards the 10 deposition limit; and (ii) that no privilege log needs to be provided with respect to documents created on or after the date of filing of the complaint.

(b)  **Is any party seeking discovery of electronically stored information?**

   X   Yes              No

If "yes,"

(1)  **The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

The parties agree to limit the scope of production to documents in each party's possession, custody, or control that are reasonably accessible, exchange search terms and custodian lists for electronically stored information, and limit electronic mail documents to those documents created on or after January 1, 2009, except for electronic mail documents which are responsive to document requests expressly requesting documents created before that date.  Data that is not reasonably accessible may include backup tapes, disaster recovery systems, audio voicemail, instant messages, social networking data, legacy data, and temporary data (e.g., data stored in a computer's RAM).

(2)  **The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:**

- All files shall be produced in electronic format.

- Emails should be produced in near-native format (ideally .htm).

- Attachments and loose electronic files should be produced in native format.

- Paper documents should be produced in scanned form with OCR.

- Redacted files may be produced in TIFF format.

- All emails and electronic files produced in native format should include all metadata and full text extracted data that is reasonably accessible with such files.  (For PDF files where full text extraction is not possible, these PDFs should be produced with OCR instead.)

- All documents should be organized by custodian, where applicable.

**In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.**

**12.   Other Orders:**

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

The parties expect to negotiate and present to the Court a proposed order to protect the confidentiality of proprietary and competitive business information.

**13.   Settlement Potential:**

(a) **Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on ___October 6_____, 2011, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.**

For plaintiff: Lead counsel (signature):        s/ Courtland R. Reichman

Other participants:        Suzanne Werner

For defendant: Lead counsel (signature):        s/ David H. Bernstein

Other participants:        Michael Schaper and Robert Ambler

(b) **All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

(        ) A possibility of settlement before discovery.
(   X   ) A possibility of settlement after discovery.

(      ) A possibility of settlement, but a conference with the judge is needed.

(      ) No possibility of settlement.

(c) **Counsel(            ) do or (X) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is _____, 20____.**

(d) **The following specific problems have created a hindrance to settlement of this case.**

_____

_____

14.    **Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) **The parties (        ) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day _____, of 20___.**

(b) **The parties (    X    ) do not consent to having this case tried before a magistrate judge of this Court.**

Respectfully submitted this 21st day of October, 2011.

| s/ Suzanne Werner | s/ Michael Schaper |
|---|---|
| Courtland L. Reichman | Robert R. Ambler, Jr. |
| (Ga. Bar No. 599894) | (Ga. Bar No. 014462) |
| Jill Wasserman | Russell A. Williams |
| (Ga. Bar No. 739662) | (Ga. Bar No. 141659) |
| Suzanne Werner | WOMBLE CARLYLE SANDRIDGE |
| (Ga. Bar No. 321398) | & RICE PLLC |
| KING & SPALDING LLP | 271 17th Street, NW, Suite 2400 |
| 1180 Peachtree Street | Atlanta, Georgia 30363 |
| Atlanta, Georgia 30309 | Phone: (404) 872-7000 |
| Phone: (404) 572-4600 | |
| Fax: (404) 572-5134 | David H. Bernstein (*pro hac vice*) |
| | Michael Schaper (*pro hac vice*) |
| Attorneys for Plaintiff | DEBEVOISE & PLIMPTON LLP |
| MERIAL LLC | 919 Third Avenue |
| | New York, New York 10022 |
| | Phone: (212) 909-6000 |
| | |
| | Attorneys for Defendant |
| | BAYER HEALTHCARE LLC |

* * * * * * * * * * * * *

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MERIAL LLC<br><br>    Plaintiff and Counterclaim-Defendant,<br><br>v.<br><br>BAYER HEALTHCARE LLC<br><br>    Defendant and Counterclaim-Plaintiff. | Civil Action<br>No. 1:11-cv-02888-JOF |

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

Discovery shall be extended to 9 months, expert depositions will not be counted towards the 10 deposition limit, and no privilege log needs to be provided with respect to documents created on or after the date of filing of the complaint.

IT IS SO ORDERED, this _____ day of _____,2011.

_____
J. OWEN FORRESTER
UNITED STATES DISTRICT JUDGE

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 21, 2011, I electronically filed the

foregoing Joint Preliminary Report and Discovery Plan with the Clerk of the

Court using the CM/ECF system.

s/ Suzanne Werner
Suzanne Werner
  (Ga Bar No. 321398)
