**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| MERIAL LLC, | ) | |
| | ) | CIVIL ACTION FILE |
| Plaintiff and Counterclaim-Defendant, | ) | NO. 1:11-cv-02888-JOF |
| | ) | |
| v. | ) | |
| | ) | |
| BAYER HEALTHCARE LLC, | ) | |
| | ) | |
| Defendant and Counterclaim-Plaintiff. | ) | |

## <u>PROTECTIVE ORDER</u>

Plaintiff and Counterclaim-Defendant Merial LLC ("Merial") and Defendant and Counterclaim-Plaintiff Bayer HealthCare LLC ("Bayer") (collectively with Merial, the "Parties"), by and through their counsel of record, hereby stipulate to entry of the Protective Order below.

### Preliminary Statement

The Parties to the action sell products that directly compete with each other and agree that discovery in this action may involve disclosure of certain sensitive or proprietary business, financial, marketing, and technological information

regarding those products and the marketing of those products, disclosure of which reasonably might lead to competitive harm to the disclosing party.

Pursuant to Fed. R. Civ. P. 26(c) and for good cause shown, the Court orders as follows:

1.     This Protective Order (the "Order") governs the production of all documents, data and information, interrogatory responses, responses to requests for admissions, and deposition testimony given by any party or third party in the course of this litigation (hereafter, "Discovery").  Discovery produced in this case shall be used by the non-producing party solely in the prosecution or defense, including any appeals, of this matter.  Any attorney of record may designate as "CONFIDENTIAL" any non-public, competitively sensitive or proprietary Discovery ("Confidential Discovery").   Any party receiving Confidential Discovery ("Receiving Party") has the right to challenge any designation pursuant to paragraph 8 below.

2.     The party producing Confidential Discovery ("Producing Party") shall include the "Confidential" designation on all Discovery claimed to be sensitive or proprietary at the time they are sent to counsel of record; provided, however, that all Discovery shall be deemed temporarily subject to this Agreement as if marked

- 2 -

"Confidential" for five business days from such delivery to permit the Producing Party to correct any inadvertent failure to so mark delivered Discovery.  Stamping the Confidential designation on a cover of any multi-page Discovery shall designate all pages of the document as Confidential, unless otherwise indicated by the Producing Party.   Similarly, stamping the Confidential designation on a physical medium used to produce Discovery (such as a CD or DVD) shall designate all Discovery contained thereon as Confidential, unless otherwise indicated by the Producing Party.  In the case of Discovery produced by a non-party to this case, a party shall notify all counsel of record in writing within five business days after receipt of the specific Discovery to be so designated by a party. In the case of deposition testimony, any party may designate testimony by any witness at the time of the deposition or by written notice to all counsel of record within five business days after receipt of the written transcript.  During the five business day periods described above, the documents and deposition transcript(s) received shall be treated as Confidential absent an agreement by counsel for all Parties and, in the case of testimony by a third party, counsel for that party, to the contrary placed in writing or on the record.

23544056v2

3.     "Disclosure" and "disclosed" as used in this Order and the attached Exhibit B shall include, without limitation, allowing or failing to take reasonable steps to prevent: (a) visual inspection of designated Discovery (or any summary, description, abstract, or index thereof) by an individual not authorized under this Order or (b) any communication disclosing the substance of designated Discovery or the specific terms detailed therein (or any summary, description, abstract, or index thereof) to an individual not authorized under this Order.  The parties agree, however, that nothing herein shall prevent the parties' counsel from giving legal advice to their respective clients based on Discovery protected by this Order.

4.     Confidential Discovery may be disclosed by the Receiving Party only to the following persons:

(a)     The attorneys of record for the Receiving Party and others to whom the attorneys of record reasonably believe it necessary to show the Discovery for purposes of this litigation, including without limitation, employees of the attorneys, legal support service personnel and their employees, and independent experts and consultants and their employees; and the Court and Court personnel;

- 4 -

(b)     Persons to whom the Discovery was otherwise lawfully available outside of this litigation, such as third party authors or recipients;

(c)     The Receiving Party, including officers, directors and employees of the Receiving Party to whom attorneys for the Receiving Party believe it is necessary that the Discovery be shown for purposes of this litigation. Prior to receiving Discovery designated as Confidential Discovery, each representative shall sign an acknowledgment (attached as Exhibit A) that such representative has read and agrees to abide by this Order;

(d)     Witnesses during the course of testifying at a deposition or in court; and

(e)     Such other persons as are designated by written agreement by the Producing Party or pursuant to paragraphs 8 and 9 or by Court order.

5.     The Parties may further designate certain Discovery that is reasonably and in good faith determined to be of an extraordinarily high confidential and/or proprietary nature as "CONFIDENTIAL INFORMATION OUTSIDE COUNSEL ONLY" (hereinafter "Outside Counsel-Only Material"), in the manner described in paragraph 2.   Outside Counsel-Only Material, and the information contained therein, shall be disclosed only to the Court, to outside counsel for the Parties

- 5 -

(including the paralegal, clerical and secretarial staff employed by such outside counsel), and to experts or independent consultants in the manner described in paragraph 6.  Notwithstanding the foregoing, disclosure of Outside Counsel-Only Material may be made pursuant to paragraphs 8 and 9 below or by Court Order. Outside Counsel-Only Material can be shown to a witness for a non-producing party upon reasonable notice to the party that designated the information as Outside Counsel-Only Material.  If the designating party objects to the disclosure of Outside Counsel-Only Material to such a witness, it must file a motion for protective order to prevent such disclosure or, if the designating party has received notice of such intended disclosure of less than five business days, it may announce on the record its intention to file a motion for a protective order; provided, however, during the preparation and pendency of such a motion, the information shall not be disclosed to such a witness.  This provision shall not bar outside counsel, in the course of rendering advice to their client, from conveying their evaluation of said discovery material in a general way, or from taking into account said discovery material where such information is material to the scope of the outside counsel's representation of their client.

- 6 -

6.     For each expert or independent consultant receiving Confidential Discovery or Outside Counsel-Only Material, the party retaining the expert or independent consultant must provide the name and curriculum vitae to the opposing party three business days in advance of the disclosure.  If the opposing party does not respond, then the expert or independent consultant shall execute Exhibit B and proceed.  If the opposing party objects, then the opposing party has five business days from the date of its objection to file a motion with the Court, during which time the parties shall work in good faith to resolve the dispute.

7.     Confidential Discovery and/or Outside Counsel-Only Material to be presented to the Court shall be labeled as such, as appropriate, and filed, if at all, after following the procedures set forth in paragraphs 8 or 9 below.  Discovery not specially designated may be filed with the Court without such restrictions.

8.     The Parties may agree in writing or on the record, without further order of this Court, to allow disclosure of Discovery to an individual who otherwise would not be authorized to receive such Discovery.  In the absence of an agreement in writing or on the record, counsel of record for any party (the "Notifying Party") may at any time serve a written notice upon all other counsel of record (the "Responding Party") (a) objecting to a designation made by the

- 7 -

Responding Party or (b) proposing to disclose designated Discovery to an individual to whom such disclosure is not authorized by this Order.  The Parties shall attempt to resolve any dispute concerning (a) or (b) in good faith.  If the attempt is unsuccessful, the Responding Party, for disputes involving (a) or (b) shall provide written notice if he, she, or it challenges the designation of the Discovery at issue.  Following such notice, the party seeking to maintain Discovery as Confidential or Outside Counsel-Only Material shall have five business days (or a longer period of time if agreed to by the Parties in writing) to file a motion for an order seeking to keep the designation of Confidential Discovery and/or Outside Counsel-Only Material and/or limit the disclosure of certain documents or information.  The burden of proof shall remain on the party seeking to maintain the designation of the Discovery at issue.  Failure to file such a motion within the five business day time period, or within any otherwise agreed upon time period, will result in waiver of the right to designate (or maintain the designation of) the Discovery as Confidential or Outside Counsel-Only Material.  Such Discovery shall be treated as Confidential or Outside Counsel-Only Material until the resolution of any timely filed motion.

23544056v2

9.     If a party wishes to use any Confidential or Outside Counsel-Only Material in any affidavits, briefs, memorandum of law, oral argument, or other papers filed in this Court in this litigation, such papers or transcript may be filed under seal only upon separate, specific motion and later order of the Court. However, no party is prohibited from seeking the other party's consent to de-designate Discovery that it may intend to file with the Court.

10.     If any dispute is submitted to the Court pursuant to paragraph 8, then the Discovery will retain its initial designation until a ruling by the Court, and thereafter shall be classified in accordance with the Court's ruling.  The Court shall make an independent determination as to whether any disputed Discovery is to be protected from public disclosure, and this Order shall not alter the burden of proof as to this issue.

11.     If a party believes there has been a violation of this Order, the party shall provide written notice of such belief to all other parties.   The parties thereafter shall informally attempt to resolve the matter promptly, and the responding party shall have five business days after receipt of the alleged violation to investigate and respond to the assertion.  If the parties are unable to resolve the issue, then the party asserting that a violation has occurred shall give notice of its

intent to move the Court for relief and may file a motion at any time after service of such notice.

12.    If Discovery designated as Confidential or Outside Counsel-Only Material is disclosed to any person other than in the manner authorized by this Order, outside counsel and the party responsible for the disclosure must immediately upon learning of such disclosure inform the designating party in writing of all pertinent facts relating to such disclosure, and without prejudice to the rights and remedies of the designating party, make every effort to retrieve the improperly disclosed Discovery and to prevent further unauthorized disclosure on its own part and further unauthorized use and disclosure on the part of the recipient of such Discovery.

13.    If Discovery that is, or may reasonably be construed to be, subject to the attorney-client privilege, the work-product doctrine, or any other applicable privilege or doctrine ("Privileged Material") is produced by a  Producing Party, with or without a Confidential or Outside Counsel-Only Material designation, such production shall be deemed to have been inadvertent and shall not constitute a waiver of said privilege or doctrine.  The Privileged Material shall be returned by the Receiving Party to the Producing Party immediately upon notice by the

Producing Party to the Receiving Party of the production of Privileged Material. Alternatively, the Receiving Party may provide written confirmation of the destruction of the Privileged Material to the Producing Party.   If through inadvertence Discovery was not marked as "Confidential" or "Outside Counsel-Only Material," a party may notify the other that that the designation shall be changed.   Once such notice has been received, the Discovery shall be treated in accordance with its new designation; if such Discovery previously was given to a person not entitled to receive it under this Order, it shall be retrieved immediately and the Producing Party notified in writing.

14.   Upon final termination of this action, by judgment or otherwise, each person subject to the terms of this Order shall either (a) assemble and return all Confidential Discovery to each party producing such Confidential Discovery, or (b) destroy all Confidential Discovery and provide written notice of such destruction to each party producing such Confidential Discovery within 60 days of final termination.   Notwithstanding the foregoing, each party may retain a copy of all motion papers, briefs, memoranda of law, transcripts of court proceedings, other pleadings filed with the Court in this action and written responses to discovery

23544056v2

requests.  This Order shall continue to apply to the documents retained by any party in accordance with the preceding sentence.

15.    This Order shall not affect any party's right to object to the use in this litigation of Discovery on any ground or to use in any manner its own documents or other documents lawfully obtained from a third party.  Consent to and entry of this Order shall not restrict the right of any party to file an application for an order seeking modification of this Order or further protection.

16.    Neither this Order nor the designation of any Discovery as Confidential shall constitute an admission or acknowledgment by any party that any such Discovery is, in fact, confidential, proprietary, or otherwise protectable. The fact that Discovery has been designated Confidential shall in no way prejudice the right of any party to contest the confidential or proprietary nature of any Discovery, at the time of trial or otherwise.

17.    The Court shall determine at the time of trial what legend, if any, shall be permitted to appear on Confidential Discovery used as exhibits to be shown to the jury entered in evidence.

18.     This Order shall not prejudice or affect any party's right to object to the authenticity or admissibility of any Confidential Discovery used as evidence at the time of trial.

19.     Third parties can avail themselves of the protection of this Order to maintain the confidentiality of Discovery containing sensitive or proprietary business or financial information by executing a duplicate of this Order and serving a copy thereof on all counsel of record and thereafter producing documents in response to a subpoena in accordance with this Order.

20.     This Order shall become binding upon the Parties to this Order immediately upon its being lodged or filed with the Court in this action and shall remain in effect following the termination of this litigation absent an order of this Court to the contrary.

21.     Each party shall promptly after receipt of notice of the lodging or filing of this Order produce Confidential Discovery or Outside Counsel-Only Material previously withheld from production on that basis.

- 13 -

IT IS SO ORDERED.

Dated this ___ day of _____, 2011 at Atlanta, Georgia.


_____
J. Owen Forrester
UNITED STATES DISTRICT JUDGE

STIPULATED TO AND SUBMITTED BY:

| | |
|---|---|
| s/ Suzanne Werner | s/ Robert R. Ambler, Jr. |
| Courtland L. Reichman | Robert R. Ambler, Jr. |
| (Ga. Bar No. 599894) | (Ga. Bar No. 014462) |
| Jill Wasserman | Russell A. Williams |
| (Ga. Bar No. 739662) | (Ga. Bar No. 141659) |
| Suzanne Werner | WOMBLE CARLYLE SANDRIDGE |
| (Ga. Bar No. 321398) | & RICE PLLC |
| KING & SPALDING LLP | 271 17th Street, NW, Suite 2400 |
| 1180 Peachtree Street | Atlanta, Georgia 30363 |
| Atlanta, Georgia 30309 | Phone: (404) 872-7000 |
| Phone: (404) 572-4600 | |
| Fax: (404) 572-5134 | David H. Bernstein |
| | Michael Schaper |
| Attorneys for Plaintiff | *admitted pro hac vice* |
| MERIAL LLC | DEBEVOISE & PLIMPTON LLP |
| | 919 Third Avenue |
| | New York, New York 10022 |
| | Phone: (212) 909-6000 |
| | |
| | Attorneys for Defendant |
| | BAYER HEALTHCARE LLC |

- 14 -

**EXHIBIT A**
**ACKNOWLEDGMENT AND CONSENT TO JURISDICTION**

I, _____, acknowledge that I have been given a copy of and have read the Protective Order (hereafter, the "Order") in <u>Merial LLC v. Bayer HealthCare LLC</u>, and I agree to be bound by its terms.

I acknowledge and agree that any Discovery received by me in connection with this matter, including without limitation, Discovery marked "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION OUTSIDE COUNSEL ONLY," and any copies, excerpts, summaries and abstracts of such Discovery, shall not be disclosed to or discussed with anyone except as expressly provided in the Order.

I consent to the jurisdiction of the United States District Court for the Northern District of Georgia solely for the purpose of enforcing the Order and penalizing violations thereof.

23544056v2

EXECUTED this _____ at _____.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
Signature

23544056v2

**EXHIBIT B**
**ACKNOWLEDGMENT AND CONSENT TO JURISDICTION**
**(Experts and Consultants)**

I, _____, acknowledge that I have been given a copy of and have read the Protective Order (hereafter, the "Order") in <u>Merial LLC v. Bayer HealthCare LLC</u>, and I agree to be bound by its terms.  I have been retained by _____ in this matter and otherwise am not employed by or affiliated with any party or any competitor of any party to this litigation.

I acknowledge and agree that any Discovery received by me in connection with this matter, including without limitation, those marked "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION OUTSIDE COUNSEL ONLY" (collectively, "Confidential"), and any copies, excerpts, summaries and abstracts of such Discovery, shall not be disclosed to or discussed with anyone except as expressly provided in the Order.

I further acknowledge and agree that all Discovery received or prepared by me in connection with this matter, including without limitation, documents marked Confidential, shall be used only in the prosecution or defense, including any appeal, of this matter; and shall be destroyed or returned to counsel with whom I have consulted upon request or at the conclusion of the case.

- 17 -

I consent to the jurisdiction of the United States District Court for the Northern District of Georgia solely for the purpose of enforcing the Order and penalizing violations thereof.

EXECUTED this _____ at _____.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


_____
Signature

23544056v2