# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| Merial LLC, | |
| Plaintiff, | Civ. Action No. 1:11-cv-02888-JOF |
| v. | |
| Bayer Healthcare, LLC, | **JURY TRIAL DEMANDED** |
| Defendant | |

## PLAINTIFF MERIAL LLC'S ANSWER TO DEFENDANT BAYER HEALTHCARE LLC'S AMENDED COUNTERCLAIMS

Pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure and in accordance with the June 22, 2012 Order of the Court (Dkt. No. 40), Plaintiff Merial LLC ("Merial") hereby replies to defendant Bayer HealthCare LLC's ("Bayer") Amended Counterclaims (the "Counterclaims"). All allegations contained in the Counterclaims not expressly admitted or not specifically responded to by Merial are denied.

### NATURE OF ACTION

1.      Merial admits that Bayer has asserted counterclaims against Merial for false advertising and unfair competition under federal and state law and that

-1-

Merial and Bayer are competitors in the sale of certain pet medicines.  Merial denies the remainder of this paragraph.

2.      Merial admits that Bayer makes K9 Advantix® II ("K9 Advantix") and Advantage® II ("Advantage"); admits that K9 Advantix and Advantage compete with FRONTLINE Plus; admits that Bayer initiated a challenge before the National Advertising Division of the Council of Better Business Bureaus (the "NAD"); and admits that the NAD is a forum for resolving advertising disputes. Merial further admits that it participated in Bayer's challenge before the NAD. Merial states that the NAD decision and Merial's statement in response speak for themselves.  Merial admits that it appealed part of the NAD's decision to the National Advertising Review Board (the "NARB") and that the NARB is a forum for appealing NAD decisions.  Merial states that the NARB decision and Merial's statement in response speak for themselves. Merial denies the remainder of this paragraph.

3.      Merial admits that the NAD referred certain of Merial's advertising to the Federal Trade Commission ("FTC") and that the FTC has issued a letter stating that it would take no action in light of the pending litigation.  Merial denies the remainder of this paragraph.

4.      Merial denies the allegations in this paragraph.

-2-

5.     Merial states that, although no particular study is identified or attached to Bayer's counterclaim, any study upon which Bayer seeks to rely speaks for itself.  Merial denies the remaining allegations in this paragraph.

6.     Merial admits that its Complaint and First Amended Complaint include claims relating to Bayer's false and misleading advertisements that mischaracterize a study conducted by Byron Blagburn.   Merial denies the remaining allegations in this paragraph.

7.     Merial admits that heartworm disease can be fatal to dogs.  Merial states that the remainder of this paragraph calls for a legal conclusion and, on that basis, denies the remaining allegations in this paragraph.

8.     Upon information and belief, Merial admits the first sentence.  Merial denies the second sentence.  As to the remaining sentences, Merial states that the Blagburn study speaks for itself, and denies Bayer's characterization of this study.  Merial denies the remainder of this paragraph.

9.     Merial denies the first sentence.  Merial states that reports received by the FDA speak for themselves.  Merial further states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of this paragraph and denies them on that basis.

-3-

10.     Merial states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of this paragraph and denies them on that basis.   Merial denies the remainder of this paragraph.

THE PARTIES

11.     Merial admits the first and third sentences.  As to the second sentence, Merial states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations and denies them on that basis.  Merial denies the remainder of this paragraph.

12.     Merial admits the allegations of this paragraph.

JURISDICTION AND VENUE

13.     Merial admits the allegations of this paragraph.

14.     Merial denies that it disseminated false advertising.  Merial admits the remainder of this paragraph.

15.     Merial denies that it distributed false advertising.  Merial admits the remainder of this paragraph.

MERIAL'S ALLEGED 2010-2011
FALSE AND MISLEADING ADVERTISING

-4-

McKool 453033v1

16.    Merial states that its advertisements speak for themselves.   Merial denies the remainder of this paragraph.

17.    Merial states that its advertisements speak for themselves.   Merial denies the remainder of this paragraph.

18.    Merial admits that FRONTLINE Plus, K9 Advantix, and Advantage are labeled for once-a-month dosing, and states that Merial's advertisements speak for themselves.  Merial denies the remainder of this paragraph.

19.    Merial states that its advertisements speak for themselves.   Merial denies the remainder of this paragraph.

20.    Merial denies the allegations of this paragraph.

21.    Merial states that Bayer's survey evidence submitted to the NAD, and the NAD's findings with respect thereto, speaks for themselves.  Merial denies the remainder of this paragraph.

22.    Merial states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of this paragraph and denies them on that basis.  Merial denies the remainder of this paragraph.

23.    Merial states that its advertisements, and the NAD and NARB decisions, speak for themselves.  Merial admits that it may take hours for the active

ingredient in FRONTLINE Plus, fipronil, to translocate around a pet's skin to cover its body, although on some pets it may be less.  As to the seventh sentence, Merial states that the study speaks for itself.  Merial denies the remainder of this paragraph.

## MERIAL'S ALLEGED NONCOMPLIANCE WITH NAD AND NARB DECISIONS

24.     Merial admits that Bayer sent a letter to the NAD dated June 15, 2010 and states that the letter speaks for itself.  Merial admits that it participated in the NAD process. Merial denies the remainder of this paragraph.

25.     Merial admits the first sentence.  Merial states that the NAD's decision and Merial's statement in response speak for themselves.  Merial denies the remainder of this paragraph.

26.     Merial states that the documents referenced in this paragraph speak for themselves.  Merial admits that it appealed to the NARB part of the NAD's decision.  Merial denies the remainder of this paragraph.

27.     Merial states that its statement in response to the NAD's decision and its advertisements speak for themselves.  Merial admits that it aired new commercials in May 2011 that used ninja animations and used "completekiller.com."  Merial denies the remainder of this paragraph.

-6-

28.    Merial states that its advertisements speak for themselves.  Merial denies the remainder of this paragraph.

29.    Merial states that its advertisements speak for themselves.  Merial denies the remainder of this paragraph.

30.    Merial states that its advertisements and the NAD and NARB decisions speak for themselves.  Merial denies the remainder of this paragraph.

31.    Merial states that the documents referenced in this paragraph speak for themselves.  Merial denies the remainder of this paragraph.

32.    Merial admits that it participated in the NAD and NARB proceedings, and that the NAD referred certain of Merial's advertising to the FTC.  Merial states the NAD and NARB decisions and Merial's statements in response speak for themselves.  Merial denies the remainder of this paragraph.

33.    Merial admits that it filed this declaratory judgment action.  Merial further states that the FTC's letter speaks for itself.  Merial denies the remainder of this paragraph.

MERIAL'S ALLEGED 2012<br>FALSE AND MISLEADING ADVERTISING

34.    Merial states that its advertisements speak for themselves.  Merial denies the remainder of this paragraph.

35.     Merial states that its advertisements speak for themselves.   Merial denies the remainder of this paragraph.

36.     Merial denies the allegations in this paragraph.

37.     Merial denies the allegations in this paragraph.

38.     Merial denies the allegations in this paragraph.

COUNT I: FALSE ADVERTISING
UNDER SECTION 34(A) OF THE LANHAM ACT

39.     Merial incorporates the foregoing paragraphs as if set forth fully herein.

40.     Merial denies the allegations of this paragraph.

41.     Merial denies the allegations of this paragraph.

42.     Merial denies the allegations of this paragraph.

43.     Merial denies the allegations of this paragraph.

44.     Merial denies the allegations of this paragraph.

COUNT II: VIOLATION OF THE
GEORGIA DECEPTIVE TRADE PRACTICES ACT

45.     Merial incorporates the foregoing paragraphs as if set forth fully herein.

46.     Merial denies the allegations of this paragraph.

47.     Merial denies the allegations of this paragraph.

-8-

## COUNT III: FALSE ADVERTISING UNDER STATE LAW

48.     Merial incorporates the foregoing paragraphs as if set forth fully herein.

49.     Merial denies the allegations of this paragraph.

50.     Merial denies the allegations of this paragraph.

51.     Merial denies the allegations of this paragraph.

52.     Merial denies the allegations of this paragraph.

## COUNT IV: UNFAIR COMPETITION UNDER STATE COMMON LAW

53.     Merial incorporates the foregoing paragraphs as if set forth fully herein.

54.     Merial denies the allegations of this paragraph.

55.     Merial denies the allegations of this paragraph.

56.     Merial denies the allegations of this paragraph.

57.     Merial denies the allegations of this paragraph.

## DEFENSES

1.     Bayer's Counterclaims fail to state a claim against Merial upon which relief can be granted.

2.     Bayer's Counterclaims are barred, in whole or in part, by laches, waiver, acquiescence, and/or estoppel.

-9-

3.      Bayer's Counterclaims are barred by unclean hands.

4.      The statements challenged by Bayer are protected by the First Amendment, and the injunction sought by Bayer violates the First Amendment.

WHEREFORE, Merial respectfully requests judgment dismissing with prejudice Bayer's Counterclaims in their entirety, denial of Bayer's prayer for relief, and granting Merial the relief requested in its First Amended Complaint.

## JURY DEMAND

Merial requests a trial by jury on all claims so triable.

-10-

This 10th day of July, 2012.

Respectfully submitted,

McKOOL SMITH, P.C.

/s/ Jill Wasserman
Courtland L. Reichman
  (Ga. Bar No. 599894)
Jill Wasserman
  (Ga. Bar No. 739662)
1201 Peachtree, Suite 200
400 Colony Square
Atlanta, GA 30361
(404) 572-4600

Steven Callahan
  (Admitted *Pro Hac Vice*)
300 Crescent Court, Suite 1500
Dallas, TX 75201
(214) 978-6357

*Attorneys for Plaintiff MERIAL LLC*

-11-

## <u>CERTIFICATE OF COMPLIANCE WITH LR 5.1(C)</u>

This is to certify that the foregoing document was prepared using Times New Roman 14 point font in accordance with LR 5.1(C).

DATED:  July 10, 2012

<u>/s/ Jill Wasserman</u>
Jill Wasserman

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was filed electronically pursuant to LR 5.1 on July 10, 2012 using the Court's CM/ECF system, which will automatically send e-mail notification of the filing to the parties' attorneys of record.

<u>/s/ Jill Wasserman</u>
Jill Wasserman

McKool 453033v1