# Exhibit C

Case 1:11-cv-02888-JOF   Document 52-3   Filed 08/27/12   Page 1 of 5

§ 27:61                                             McCarthy on Trademarks

plaintiff's product.[7]

### § 27:62 False comparative advertising: "better than" claims and "tests prove" claims

*Two Types of Comparative Advertising Claims.* The gist of the comparative advertising cases is that there are two distinct types of comparative advertising claims and each can be proven by different forms of evidence.[1] That is, while the § 43(a) plaintiff always bears the burden of proving falsity, the kind of proof needed to meet this burden varies with the type of comparative advertising claim made.[2]

*"Better Than" Advertising Claims.* The first type of claim is a "better than" advertising claim. For example, Beta advertises that: "Beta brand wizmoids work faster than Alpha brand!" How can Alpha prove that the "faster than" claim is false? Alpha can prove that the "faster than" claim is false either by conducting its own tests or by massaging the data in Beta's tests (if any) to prove that the products are equally fast or that Alpha is faster than Beta.

*"Tests Prove" Advertising Claims.* The second type of claim is a "tests prove" claim. For example, Beta advertises that: "Beta brand wizmoids work faster than Alpha brand—laboratory tests prove it!" How can plaintiff Alpha prove that

---

[7]McNeil-PPC v. Bristol-Myers Squibb Co., 938 F.2d 1544, 19 U.S.P.Q.2d 1525 (2d Cir. 1991) (Here, a proper interpretation of defendant's tests proved conclusively that Aspirin-Free Excedrin did not relieve pain better than Extra-Strength Tylenol to any statistically significant degree. The tests, properly interpreted, show that the two products have equivalent pain relieving effects. This proves that the superiority advertising claim was false. Permanent injunction was affirmed.).

[Section 27:62]

[1]Castrol, Inc. v. Quaker State Corp., 977 F.2d 57, 24 U.S.P.Q.2d 1838, 1841 (2d Cir. 1992) ("[P]laintiff bears a different burden in proving literally false the advertising claim that tests prove defendant's product superior, than it does in proving the falsity of a superiority claim which makes no mention of tests."); Osmose, Inc. v. Viance, LLC, 612 F.3d 1298, 1310, 96 U.S.P.Q.2d 1274, 2010-2 Trade Cas. (CCH) ¶ 77145 (11th Cir. 2010) ("Osmose, as a plaintiff challenging 'tests prove' or 'establishment' claims, does not have to affirmatively prove that [defendant] Viance's safety concerns are false; rather, Osmose has to prove only that Viance's tests do not support Viance's conclusions.").

[2]BASF Corp. v. Old World Trading Co., 41 F.3d 1081, 1090 (7th Cir. 1994).

the "tests prove it" claim is false? Alpha can prove that the "tests prove" claim is false by showing that data from tests conducted by Beta do not support or verify the claim. One can prove the falsity of a "tests support" advertising claim without having to prove the falsity of the underlying "better than" claim. Here, Alpha can prove that Beta's test data does not support the claim that Beta wizmoids work faster than Alpha wizmoids, without having to prove the falsity of the claim that Beta wizmoids in fact work faster than Alpha wizmoids. And conversely, Beta can logically point out that by proving the falsity of Beta's "tests prove" claim, Alpha has *not* proven that the "faster than" claim was also false.

The Second Circuit has emphasized the different types of proof that are required in a "tests prove" challenge:

> [P]laintiff bears a different burden in proving literally false the advertising claim that tests prove defendant's product superior, than it does in proving the falsity of a superiority claim which makes no mention of tests. . . . Where the defendant's advertisement claims that its product is superior, plaintiff must affirmatively prove defendant's product equal or inferior. Where, as in the present case, defendant's ad explicitly or implicitly represents that tests or studies prove its product superior, plaintiff satisfies the burden by showing that the tests did not establish the proposition for which they were cited.[3]

The Second Circuit said that plaintiff in a challenge to a "tests prove" advertisement can prove falsity by evidence that (1) the tests are not sufficiently reliable to support a

---

[3]Castrol, Inc. v. Quaker State Corp., 977 F.2d 57, 24 U.S.P.Q.2d 1838 (2d Cir. 1992). *Accord* BASF Corp. v. Old World Trading Co., 41 F.3d 1081, 1090 (7th Cir. 1994) ("If the challenged advertisement makes implicit and explicit references to tests, the plaintiff may satisfy its burden by showing that those tests do not prove the proposition; otherwise, the plaintiff must offer affirmative proof that the advertisement is false."); Rhone-Poulenc Rorer Pharmaceuticals, Inc. v. Marion Merrell Dow, Inc., 93 F.3d 511, 39 U.S.P.Q.2d 1832 (8th Cir. 1996) (agreeing with the *Castrol* distinction between "better than" and "tests prove" advertisements); Southland Sod Farms v. Stover Seed Co., 108 F.3d 1134, 42 U.S.P.Q.2d 1097 (9th Cir. 1997) (approving of the distinction drawn in the *Castrol* case); C.B. Fleet Co. v. SmithKline Beecham Consumer Healthcare, L.P., 131 F.3d 430, 45 U.S.P.Q.2d 1119 (4th Cir. 1997) (adopting the distinction made in the *Castrol* case); Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc., 299 F.3d 1242, 2002-2 Trade Cas. (CCH) P 73809 (11th Cir. 2002) (adopting the *Castrol* rule: "If an advertisement cites such testing, the advertisement is labeled as an "establishment" claim.").

§ 27:62                                                   McCarthy on Trademarks

claim of superiority or some other quality claimed in advertising, or (2) that the tests, while reliable, do not establish that product quality claimed in defendant's advertising.[4]

The Eighth Circuit remarked that when, in a "tests prove" case, plaintiff attempts to prove that the tests are not sufficiently reliable to support the advertised conclusion with "reasonable certainty," the courts should give the defendant some leeway in advertising the exact significance and meaning of complicated scientific tests:

> To ensure vigorous competition and to protect legitimate commercial speech, courts applying this standard should give advertisers a fair amount to leeway, at least in the absence of a clear intent to deceive or substantial consumer confusion.[5]

***Categorizing the Advertising Claim.*** Sometimes the wording of the advertisement makes it difficult to categorize as belonging in either the "tests prove" or the "better than" category.[6] When a seller of auto antifreeze advertised that its product met auto manufacturer performance specifications, the Seventh Circuit categorized the ad as properly belonging in the "tests prove" classification. Since one could

---

[4]*Id.* The court found that plaintiff had proven the falsity of both "tests prove" and product superiority advertising claims. Advertising related to claims of motor oil giving superior protection against engine wear at start-up. Preliminary injunction affirmed. *See* United Industries Corp. v. Clorox Co., 140 F.3d 1175, 46 U.S.P.Q.2d 1337 (8th Cir. 1998) (The phrase "Based on lab tests" makes the advertising claim "Can you guess which bait kills roaches in 24 hours?"—a literal message of the "tests prove" variety. The court found that this "tests prove" claim was supported by the scientific evidence.).

[5]Rhone-Poulenc Rorer Pharmaceuticals, Inc. v. Marion Merrell Dow, Inc., 93 F.3d 511, 39 U.S.P.Q.2d 1832 (8th Cir. 1996) (court found that advertiser did not falsely represent to sophisticated doctors, pharmacists, and hospitals that tests proved the comparative bioavailability of competing prescription hypertension drugs). *See*: Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc., 299 F.3d 1242, 2002-2 Trade Cas. (CCH) P 73809 (11th Cir. 2002) (while a consumer preference study regarding one-day contact lenses was not perfect in its comparisons, it did not render the advertisement false: "The fact that a study's design is impact, however, does not render [defendant's] advertisements false.").

[6]C.B. Fleet Co. v. SmithKline Beecham Consumer Healthcare, L.P., 131 F.3d 430, 45 U.S.P.Q.2d 1119 (4th Cir. 1997) (The determination of the category into which the advertisement falls is a question of fact. If the advertisement on its face did not make "an assertion of test-validation," then it falls into the "better than" category and the plaintiff must prove the falsity of advertised claim. Plaintiff here could not do so.).

FALSE ADVERTISING § 27:62

not truthfully advertise that the product met the defined performance specifications unless all required tests had been run and passed, the "we meet specifications" ad effectively said: "we have run specific tests and achieved specific results."[7] While defendant argued that plaintiff had to prove that defendant's antifreeze did, in fact, not meet the defined performance specifications, the court held that because defendant had not in fact run all of the tests necessary to determine if the specifications were met, the ad was literally false.[8]

A seller of wood preservative had tests run on the ability of its competitor's preservative to prevent wood decay and issued press releases interpreting the results. The press releases linked the test findings with conclusions that the competitor's product resulted in severe and premature wood "decay," "alarming consumer safety concerns" and the "substantial safety hazard to consumers with structures" built with wood treated with the product. The Eleventh Circuit held that references in the press releases to "findings" and "decay findings" meant that these were "tests prove" advertising claims such that plaintiff needed only to prove that the tests did not support the statements made by defendants in its press releases. Plaintiff did prove that the statements were literally false and a preliminary injunction was affirmed.[9]

---

[7]BASF Corp. v. Old World Trading Co., 41 F.3d 1081, 1091 (7th Cir. 1994).

[8]41 F.3d at 1088 ("[Defendant] claims that [plaintiff] was required to generate affirmative proof that the statement was literally false. [Plaintiff], on the other hand, argues that it only needed to show that the tests supporting [defendant's] statement were not sufficiently reliable to support the claim.").

[9]Osmose, Inc. v. Viance, LLC, 612 F.3d 1298, 1310, 96 U.S.P.Q.2d 1274, 2010-2 Trade Cas. (CCH) ¶ 77145 (11th Cir. 2010) ("Because the advertising statements were 'tests prove' or 'establishment' claims, the burden of proof on Osmose was only to demonstrate that the [test results] do not support the conclusions Viance draws with regards to the safety and efficacy of [defendant's product] MCQ . . . . In other words, Osmose, as a plaintiff challenging 'tests prove' or 'establishment' claims, does not have to affirmatively prove that Viance's safety concerns are false; rather, Osmose has to prove only that Viance's tests do not support Viance's conclusions.").