UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| MERIAL LLC, | CIVIL ACTION FILE |
| Plaintiff and Counterclaim-Defendant, | NO. 1:11-cv-02888-JOF |
| v. |  |
| BAYER HEALTHCARE LLC, |  |
| Defendant and Counterclaim-Plaintiff. |  |

**BAYER'S MEMORANDUM OF LAW IN OPPOSITION TO
MERIAL'S MOTION TO COMPEL DEPOSITIONS**

Defendant Bayer HealthCare LLC ("Bayer") respectfully submits this memorandum of law in opposition to the motion by plaintiff Merial LLC ("Merial") to Compel Depositions.

**BACKGROUND**

Pursuant to the current order of this Court, fact discovery concluded on September 27, 2012. Document No. 39 (July 18, 2012 Minute Order). This Court has issued three orders within the past six weeks confirming that it will not extend the discovery schedule in this case, which is designed to ensure that all discovery will be completed by February 21, 2013. These orders did

1

not alter the terms or deadlines contained in the July 18 Order. Bayer has accepted the Court's orders and is pressing ahead diligently with expert discovery to ensure that the deadline can be met. Merial, however, persists in its refusal to accept the Court's orders, which has led to this latest in a series of discovery disputes.

The current discovery schedule has already gone through three iterations. The first schedule, jointly proposed by the parties on October 21, 2011, had fact discovery ending on March 23, 2012 and all discovery ending by August 3, 2012. *See* Document No. 14. The parties subsequently sought an extension of that schedule, extending fact discovery through June 22, 2012 and all discovery through November 2, 2012, which was approved by the Court on February 28, 2012. *See* Document No. 29. Most recently, at the parties' request, the Court extended these dates again; by order dated July 18, 2012, the Court extended fact discovery until September 27, 2012 and extended the close of all discovery until February 21, 2013. *See* Document No. 39.

When the parties sought yet another extension of these dates by consent motion dated September 12, 2012, the Court made clear that it would not countenance any further extension of the discovery period. To that end, on

September 24, the Court denied the parties' joint motion to further extend the deadline for fact discovery; later that same day, the Court reaffirmed that the deadline for fact discovery remained September 27, 2012 and the deadline for completion of all discovery remained February 21, 2013.  When Merial sought relief from the Court's orders, the Court confirmed yet again, on October 15, 2012, that all discovery must end by February 21, 2013.[1]

In its order of October 15, the Court granted Merial's motion to the extent of Merial's request that the parties be allowed to modify any interim dates "by agreement."  Thanks to that flexibility granted by the Court, the

---

[1] As explained in Bayer's opposition to Merial's prior motion, Merial initially had proposed only two depositions for dates prior to the September 27, 2012 discovery cut-off date:  Byron Blagburn, the author of the key study at the center of Merial's claims (whose deposition Merial took on September 5), and Fiona Rey, a Bayer employee who was unavailable because she was out on maternity leave.  Merial sought other dates for depositions after the September 27 cut off date, but it did so at its peril while the motion to extend the discovery period was pending.  For its part, Bayer rationally preferred to take its depositions of Merial employees after Merial completed its document production, which Merial did not purport to complete until September 24.  Accordingly, Bayer has not had the opportunity to take any depositions of Merial employees, though as explained in Bayer's opposition to Merial's prior motion, Bayer is prepared to accept the Court's rulings and proceed on the discovery record as it stands (with the one exception that Bayer still awaits the Court's ruling on its motion to compel the production of further documents).

parties reached agreement on modifications to the interim deadlines regarding expert discovery, which will help ensure that expert discovery can be completed by February 21, 2013. The parties have not, however, reached any agreement on extension of fact discovery, which closed more than a month ago. Last month, Bayer did offer to agree to schedule all third party and Rule 30(b)(6) depositions, but Merial rejected that offer and insisted on the right to take additional, unfettered fact discovery. Given the parties' inability to agree on a plan for limited additional fact discovery, Bayer has moved ahead with its plans for expert discovery.

Unsatisfied with the Court's orders, Merial now tries yet again to reopen fact discovery in this case so that it can take six depositions of Bayer witnesses, plus a third-party deposition of a company that provided marketing assistance to Bayer, plus additional corporate representative depositions of Bayer witnesses on 65 different categories of Rule 30(b)(6) topics.[2] The Court should definitively reject Merial's motion so that the parties can

---

[2] Merial recently re-noticed six depositions of Bayer witnesses and a Rule 30(b)(6) deposition. This is nonsensical because whether any additional fact discovery will take place is the subject of the current motion practice. As Merial well knows, Bayer understands fact discovery to remain closed. Accordingly, Merial's notices of deposition are without effect.

proceed with expert discovery on the schedule already set by the Court, followed by any additional summary judgment motions and/or trial.

## ARGUMENT

**I.    The October 15 Order Gave the Parties Leave to Set Interim Deadlines By Agreement, But Did Not Extend the Existing Deadlines.**

In its prior motion to compel, Merial sought "an Order allowing the parties to set interim discovery deadlines that precede the February 21, 2013 close of discovery." Merial's September 27 Motion to Modify Scheduling Order (Document No. 72) at 1; *see also id*. at 2, 3, 8, 11. The Court granted that motion on October 15, stating: "The deadline for all discovery is February 21, 2012. The parties may set any interim deadlines within that deadline by agreement." Thus, Bayer understands that the Court reaffirmed the date set by the previous scheduling order as the "[c]lose of all discovery" and did not extend any of the deadlines contained in that previous order. Instead, the Court required any change in the existing deadlines to be done "***by agreement***." The Court did ***not*** indicate that it was granting the alternative relief sought by Merial, namely that Merial be allowed "to proceed with the depositions of Bayer['s] . . . witnesses." Merial's Motion to Modify Scheduling Order at 1, 3, 9-11. As Bayer explained in its opposition to

Merial's earlier motion to compel, such one-sided relief would have been grossly unfair and prejudicial.  Furthermore, as explained in Bayer's letters to Merial and as shown by Bayer's motion for partial summary judgment, any such discovery also would be unnecessary given that most of Merial's claims against Bayer are now moot and ought to be dismissed, which would make most of Merial's requested depositions wholly unnecessary.

In response to the Court's October 15 Order, Bayer and Merial have reached agreement on modifying the interim deadlines for expert discovery, which will help ensure that all such discovery can be completed by February 21, 2013.  The parties have not reached agreement on reopening fact discovery, which closed more than a month ago.  In the absence of any agreement, fact discovery remains closed per this Court's orders; for the reasons Bayer explained in its opposition to Merial's previous motion, there is no reason to reopen it now.

**II.     Merial's Eight Notices of Deposition, Including Sixty-Five Rule 30(b)(6) Deposition Topics, Are Overly Broad and Unduly Burdensome Given the Narrow Issues Remaining in This Case.**

In an attempt to avoid this motion practice, Bayer had proposed to Merial an approach to scheduling fact discovery that would have given Merial additional fact discovery without unduly burdening witnesses.  Bayer

6

suggested that the parties first take Rule 30(b)(6) depositions and third party depositions, and then assess whether more discovery might be necessary. Bayer believed this approach would be more efficient than proceeding immediately with 15 to 20 depositions because, as noted above, and as explained in Bayer's motion for partial summary judgment, there are few remaining issues of fact in this case, especially with respect to Merial's claims. Merial, though, refused, and insisted on the right to take unfettered fact discovery through February 21, 2013, notwithstanding the close of fact discovery on September 27, 2012, as set out in the July 18 Minute Order.[3]

---

3   Merial asserts that Bayer's refusal to proceed with a deposition of Bayer employee Raquel Rodriguez on October 18 was "[c]ontrary to the Court's order." Merial's Motion to Compel Depositions 3. That is a gross mischaracterization of the facts and of Bayer's position. When there remained a question about whether the Court would authorize continued depositions, the parties cooperated on scheduling potential deposition dates so that depositions could resume if the Court ordered them to do so. The Court, though, did not do so. The October 15 Order made no mention of Ms. Rodriguez or any other individual witness; rather, the Court authorized fact discovery to reopen only if the parties reached agreement. Furthermore, in order to proceed with a deposition of Ms. Rodriquez in Kansas City on October 18, Bayer's counsel would have had to travel from New York to Kansas City on the same date Merial demanded that the deposition go forward, in order to spend October 17 preparing Ms. Rodriguez. Bayer viewed this as particularly pointless since Ms. Rodriguez's connection to this case is limited to her possible involvement with a single ad which Bayer has now committed in writing to discontinuing.

Merial's insistence on taking eight fact depositions is unduly burdensome given the narrow issues of fact remaining in this case. Those issues have narrowed for two reasons:

First, on September 7, 2012, the Court entered the parties' voluntary dismissal of each party's request for monetary relief. Only grounds for injunctive relief are now at issue in this case.

Second, as Bayer explained in two detailed letters to Merial, for reasons having little to do with this case, every Bayer advertisement cited in Merial's amended complaint has been discontinued or will shortly be discontinued. Some of those ads were from old campaigns that were ended long before Merial filed its amended complaint; others have run their natural course and will be completely over by the end of this year (and thus long before the trial of this case). Bayer told Merial that it was willing to affirm in a signed writing that it would not use these executions in the future and that it would impose restrictions on its advertising referencing the Blagburn Study. These assurances should have addressed most or all of Merial's claims against Bayer. Merial's refusal to accept them has forced Bayer to file a motion for partial summary judgment to have those claims dismissed by the Court on the ground that they are moot.

As a result of this mootness, the only remaining claims in this case will likely be claims for injunctive relief with respect to Merial's advertising for Frontline Plus and any claims for injunctive relief Merial may still believe it has regarding Bayer's current advertising related to the Blagburn Study. Merial has already deposed Dr. Blagburn, the critical Bayer fact witness in connection with Merial's affirmative claims. The critical fact witnesses with respect to Bayer's affirmative claims and to Merial's claims for declaratory judgment will almost certainly all be Merial employees. There is simply no reason for Merial to undertake seven more fact depositions, plus additional depositions of corporate representatives on sixty-five separate topics, to gather additional information to make its very narrow case, when all Merial needs to do is prove that Bayer's remaining advertising at issue is false. The evidence required to prove such a change is much more likely to arise through expert discovery than through the series of fishing expeditions Merial has proposed.[4]

---

[4] Because the issues in the case are so narrow, Bayer respectfully submits that, if the Court's decision on this motion allows additional fact discovery, the Court should instruct the parties to proceed first with Rule 30(b)(6) and third party depositions and then, only if necessary, with additional fact depositions. This outcome is consistent with two important purposes of the Federal Rules – to allow parties discovery of

9

## CONCLUSION

For the foregoing reasons, Bayer respectfully asks this Court to deny Merial's Motion to Compel Depositions.

This 5th day of November, 2012.

        Respectfully submitted,

        WOMBLE CARLYLE SANDRIDGE & RICE PLLC

        <u>s/ Robert R. Ambler, Jr.</u>
        Robert R. Ambler, Jr.
        (rambler@wcsr.com)
        Attorney Bar Number: 014462
        Russell A. Williams
        (rwilliams@wcsr.com)
        Attorney Bar Number: 141659

        271 17th Street, NW, Suite 2400
        Atlanta, GA 30363-1017
        (404) 872-7000
        (404) 879-2924 (fax)

---

the information they need to present their case but also to protect parties from discovery requests that would result in undue burden or expense. *Intervet, Inc. v. Merial Ltd.*, 252 F.R.D. 47, 49 (D.D.C. 2008) ("[A]ll discovery is subject to the balancing test in Rule 26(b)[(2)](C)(iii) of the Federal Rules of Civil Procedure that requires a court to limit the discovery 'otherwise allowed by these rules' if the burden outweighs its likely benefit….").

DEBEVOISE & PLIMPTON LLP

 s/ Michael Schaper
David H. Bernstein
(dhbernstein@debevoise.com)
Michael Schaper
(mschaper@debevoise.com)
Christopher J. Hamilton
(cjhamilton@debevoise.com)
Megan K. Bannigan
(mkbannigan@debevoise.com)
*Admitted Pro Hac Vice*

919 Third Avenue
New York, New York 10022
(212) 909-6737
(212) 521-7952 (fax)

*Attorneys for Defendant
Bayer HealthCare LLC*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

|  |  |
|---|---|
| MERIAL LLC, ) | CIVIL ACTION FILE |
| ) | NO. 1:11-cv-02888-JOF |
| Plaintiff and Counterclaim-Defendant, ) |  |
| ) |  |
| v. ) |  |
| ) |  |
| BAYER HEALTHCARE LLC, ) |  |
| ) |  |
| Defendant and Counterclaim-Plaintiff. ) |  |

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1(C)**

This is to certify that Bayer's Memorandum Of Law In Opposition To Merial's Motion To Compel Depositions was prepared using Times New Roman 14 point font in accordance with Local Rule 5.1(C).

                                                         s/ Michael Schaper
                                                       Admitted Pro Hac Vice
                                                       Attorney for Bayer HealthCare LLC

Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
Telephone: (212) 909-6737
Email: mschaper@debevoise.com

Robert R. Ambler, Jr.
Womble Carlyle Sandridge & Rice, LLP
271 17th Street, NW, Suite 2400

1

Atlanta, GA 30363-1017
Telephone: (404) 872-7000
Email: rambler@wcsr.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MERIAL LLC, )<br>)<br>Plaintiff and Counterclaim-Defendant, )<br>)<br>v. )<br>)<br>BAYER HEALTHCARE LLC, )<br>)<br>Defendant and Counterclaim-Plaintiff. )<br>) | CIVIL ACTION FILE<br>NO. 1:11-cv-02888-JOF |

## CERTIFICATE OF SERVICE

I hereby certify that on November 5, 2012, I caused to be electronically filed Bayer's Memorandum Of Law In Opposition To Merial's Motion To Compel Depositions using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

      Courtland L. Reichman (creichman@McKoolSmith.com)
      Jill Wasserman (jwasserman@McKoolSmith.com)

                          s/ Michael Schaper
                          Admitted Pro Hac Vice
                          Attorney for Bayer HealthCare LLC

Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
Telephone: (212) 909-6737
Email: mschaper@debevoise.com

Robert R. Ambler, Jr.
Womble Carlyle Sandridge & Rice, LLP
271 17th Street, NW, Suite 2400
Atlanta, GA 30363-1017
Telephone: (404) 872-7000
Email: rambler@wcsr.com