IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Merial LLC, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO.<br>: 1:11-cv-02888-JOF |
| Bayer Healthcare, LLC, | : |
| Defendant. | : |

## **ORDER**

This matter is before the court on Defendant's Motion to Compel [48] and Plaintiff's Motion to Compel [81].

**I.   Background**

Plaintiff, Merial LLC, filed suit against Defendant, Bayer Healthcare LLC, on August 29, 2011, alleging false advertising in violation of the Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B), common law unfair competition, and violations of the Georgia Uniform Deceptive Trade Practices Act, O.C.G.A. §§ 10-1-372 *et seq.*, and O.C.G.A. § 23-2-55. Plaintiff also seeks declaratory judgment. On June 26, 2012, Plaintiff filed its First Amended Complaint. Both parties subsequently filed motions to compel.

Merial and Bayer both manufacture and distribute products aimed at the treatment of heartworms in canines. In January 2011, Bayer launched an advertising campaign to inform veterinarians of the results of a study conducted by one Dr. Byron Blagburn

comparing the efficacy of four leading heartworm preventatives in the market, including Bayer's Advantage Multi and Merial's Heartgard Plus. Merial later filed this lawsuit alleging that Bayer's advertisements are not supported by Dr. Blagburn's study. Specifically, Merial alleges that Bayer's ads implicitly or explicitly make the following false claims: (1) Heartgard is only 12% effective; (2) the MP3 heartworm strain used in the Blagburn study is resistant to Heartgard; (3) a single dose of heartworm preventive is clinically inappropriate dosing in practice; and (4) Advantage Multi is generally superior to Heartgard in heartworm disease prevention.

## II.   Discussion

### A.   Defendant Bayer's Motion to Compel

Bayer seeks to compel Merial to produce documents related to the loss of efficacy of its Heartgard product. Bayer submits that two key issues in this litigation are (1) whether Merial's Heartgard Plus product is 100% effective against heartworms, including against the MP3 strain of heartworms; and (2) whether Bayer's Advantage Multi is superior to Heartgard Plus, either with respect to killing the MP3 strain of heartworms or against heartworms generally. Bayer therefore urges that documents relating to the efficacy of Merial's Heartgard product are highly relevant to this litigation. Merial responds that its claims in this case are much more narrow and that the efficacy, or loss of efficacy, of its own product is irrelevant to the prosecution of the false advertising claims. Merial asserts that it

AO 72A
(Rev.8/82)

is only bringing "tests prove" or "establishment" false advertising claims. This type of false advertising claim requires that Merial prove Bayer's advertisements were false by showing that data from the Blagburn study does not support or verify the claims made in the advertisement. Thus, according to Merial, evidence regarding the efficacy of Heartgard Plus is irrelevant because Merial need not show that its Heartgard product is 100% effective or even that it is more effective than Bayer's Advantage Multi. Rather, Merial need only establish that the Blagburn study does not support Bayer's advertising.

The scope of discovery under Rule 26(b) of the Federal Rules of Civil Procedure is broad: "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1); *Hickman v. Taylor*, 329 U.S. 495, 507-08 (1947). *See also Farnsworth v. Procter and Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985) (the Federal Rules of Civil Procedure "strongly favor full discovery whenever possible"). Relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

Although Merial paints a very narrow picture of its claims against Bayer, certain allegations in its First Amended Complaint are much broader. For example, Merial alleges that "no legitimate study has concluded that Advantage Multi is more effective than HEARTGARD when both products are properly used in accordance with their respective

3

FDA-approved labels." First Am. Compl., ¶ 2. Merial also alleges that "[w]hen properly administered, HEARTGARD is highly effective in protecting dogs against developing heartworm disease." *Id.* ¶ 16. These allegations go directly to the efficacy of Merial's own product. Further, much of Merial's argument regarding whether Bayer's advertising is supported by the Blagburn study relates to the reliability of the study itself. Merial argues that the single dose Dr. Blagburn gave each dog was inappropriate and contrary to the FDA guidelines, and Merial attacks the heartworm strain used in the study as being of unknown significance. Evidence regarding the efficacy of Merial's Heartgard, which includes other tests and studies done on that medication, may lead to the discovery of relevant evidence regarding Merial's broader allegations cited above and may also lead to discovery of relevant evidence supporting the reliability of Dr. Blagburn's study. The court agrees with Bayer that it is entitled to seek relevant discovery with respect to all allegations in the Complaint, and not just those that Merial deems relevant to its cause of action. The court also rejects Merial's arguments that Bayer's requests for production are vague, ambiguous and overly broad and that production of the requested documents would be overly burdensome and call for confidential information. Accordingly, the court grants Bayer's motion to compel.

### B. Plaintiff Merial's Motion to Compel

Merial seeks to compel Bayer to produce witnesses for depositions. Bayer argues that it does not have to produce these witnesses because fact discovery concluded on September 27, 2012. Bayer misunderstands the court's previous order, dated October 15, 2012, which established that the deadline for ALL discovery is February 21, 2013. That includes fact discovery. The order also stated that the parties *may* set interim deadlines with that deadline by agreement, if they so desired, as they had done in previous motions to extend the time for discovery. However, failing that, all discovery continues until February 21, 2013, and Bayer must comply with Merial's lawful discovery requests, including its request to depose Bayer's individual employee witnesses. The court grants Merial's motion to compel.

## III. Conclusion

For the foregoing reasons, the court GRANTS Defendant's Motion to Compel [48] and GRANTS Plaintiff's Motion to Compel [81].

**IT IS SO ORDERED** this 9th day of November, 2012.

 S/ J. Owen Forrester
J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)