# EXHIBIT B

**From:** Steven Callahan
**Sent:** Friday, November 16, 2012 7:04 PM
**To:** 'Bernstein, David H.'
**Cc:** Courtland Reichman; Jill Wasserman; Merial_Bayer; Schaper, Michael; 'RAmbler@wcsr.com'; Hamilton, Christopher J.; Bannigan, Megan K.; Wang, Zheng
**Subject:** RE: Merial -- Deposition Dates For Bayer's Witnesses

**Importance:** High

David,

Thanks for your advice as to how we should best spend our time. The real issue, of course, is that there's the Thanksgiving Holiday between now and the date of our response, so there's actually only 6-7 business days until the deadline (i.e., claiming that there's "nearly 2 weeks" isn't quite accurate given the Holiday). This is also why we're focused on our request for an extension, especially if Bayer intends to oppose it as Bayer previously indicated.

Your e-mail has shed much light on things, though, as I now understand that it's Bayer's in-house counsel driving the bus on this one. I'd respectfully request that you do your best to convince her that granting the extension request ASAP is the right thing to do, especially given that I've advised that we have people working on the motion this weekend.

I know you and the rest of your team wouldn't oppose the request (and we'd certainly not oppose a similar requested made by Bayer), so I'd appreciate anything you can do for us here.

Have a good weekend.

Thanks,

S.C.

---

**From:** Bernstein, David H. [mailto:dhbernstein@debevoise.com]
**Sent:** Friday, November 16, 2012 8:45 PM
**To:** Steven Callahan
**Cc:** Courtland Reichman; Jill Wasserman; Merial_Bayer; Schaper, Michael; 'RAmbler@wcsr.com'; Hamilton, Christopher J.; Bannigan, Megan K.; Wang, Zheng
**Subject:** Re: Merial -- Deposition Dates For Bayer's Witnesses

Sorry, I mean a date that is nearly two weeks from now, since Merial's response isn't due until Nov. 29. David

---------------------------
Sent from my BlackBerry Wireless Handheld

---

**From:** Bernstein, David H.
**Sent:** Friday, November 16, 2012 09:38 PM
**To:** 'scallahan@McKoolSmith.com' <scallahan@McKoolSmith.com>
**Cc:** 'creichman@mckoolsmithhennigan.com' <creichman@mckoolsmithhennigan.com>; 'jwasserman@mckoolsmith.com' <jwasserman@mckoolsmith.com>; 'Merial_Bayer@McKoolSmith.com' <Merial_Bayer@McKoolSmith.com>; Schaper,

Michael; 'RAmbler@wcsr.com' <RAmbler@wcsr.com>; Hamilton, Christopher J.; Bannigan, Megan K.; Wang, Zheng
**Subject**: Re: Merial -- Deposition Dates For Bayer's Witnesses

Steve, I reached out to my client shortly after getting your email, but it was already late in the day and I have not heard back. I'll get back to you when I have a response from my client. In the meantime, I would suggest that time would be better spent working on the opposition to our summary judgment motion rather than on a new motion to extend time on a date that is, in any event, nearly two weeks ago. David

-------------------------
Sent from my BlackBerry Wireless Handheld

---

**From**: Steven Callahan [mailto:scallahan@McKoolSmith.com]
**Sent**: Friday, November 16, 2012 08:14 PM
**To**: Bernstein, David H.
**Cc**: Courtland Reichman <creichman@mckoolsmithhennigan.com>; Jill Wasserman <jwasserman@McKoolSmith.com>; Merial_Bayer <Merial_Bayer@McKoolSmith.com>; Schaper, Michael; 'Ambler Jr., Robert R.' <RAmbler@wcsr.com>; Hamilton, Christopher J.; Bannigan, Megan K.; Wang, Zheng
**Subject**: RE: Merial -- Deposition Dates For Bayer's Witnesses

David,

Thanks for your e-mail. Can you (or one of the other members of your team) please respond ASAP to my e-mail about our requested 7 day extension (attached)? That would be very helpful because, otherwise, in denying a simple 7 day courtesy extension request, you're making us work our weekend on an opposed motion for an extension, not to mention making us potentially work the Thanksgiving Holiday responding to your MSJ.

As I indicated below, we're working to get you a date by which we'll get you the Heartgard documents. I don't presently have that date though, but I'll pass it along as soon as I'm in a position to.

I understand that you object to the Hughes-Coon deposition, but thought we could get it done while we're out there for Mr. Van Brunt's deposition if you had a change of heart.

I'll let Jill respond to your settlement point, as I was not involved in your discussions.

Thanks,

   S.C.

---

**From**: Bernstein, David H. [mailto:dhbernstein@debevoise.com]
**Sent**: Friday, November 16, 2012 5:44 PM
**To**: Steven Callahan
**Cc**: Courtland Reichman; Jill Wasserman; Merial_Bayer; Schaper, Michael; 'Ambler Jr., Robert R.'; Hamilton, Christopher J.; Bannigan, Megan K.; Wang, Zheng
**Subject**: RE: Merial -- Deposition Dates For Bayer's Witnesses

Dear Steve,

Mike is unavailable right now so I will respond directly.

First, please respond to our repeated requests for confirmation of when Merial will produce the efficacy documents that Judge Forrester ordered to be produced.  As we discussed yesterday with Jill, we understand that at least some of these documents have been produced in other cases and should be ready for rolling production (even if others needed to have been collected and reviewed, though we hope that process is now well under way).  Merial's refusal to give us even the courtesy of a response is inappropriate since, as you know, we need to know when we will be receiving these documents so that we can schedule depositions of Merial's witnesses.

Second, as Mike made clear in his email to you on Tuesday and again yesterday, we object to Merial's notice of deposition of Bayer's in-house counsel, Cynthia Hughes-Coons.  I will not repeat here the points Mike made in his prior emails or in the lengthy discussion we had about that issue yesterday with Jill.  As we also have indicated, Mr. Van Brunt is more knowledgeable about the cessation issues that Jill indicated were the subject of this desired deposition.  To avoid unnecessary motion practice, let's proceed with the deposition of Mr. Van Brunt on November 29, who I believe will be able to provide complete information about Bayer's cessation of and modifications to the advertising at issue, and then we can confer further about your deposition notice for Ms. Hughes-Coons.

Third, we are disappointed to have received no response at all to our email and discussion of yesterday with Jill about settlement.  As we discussed with Jill, in light of Merial's confirmation that it is discontinuing all of the advertisement executions that Bayer has challenged in this lawsuit and that it has no objections to Bayer's revised advertising regarding the Blagburn study, we believe the parties' efforts will be best spent on rapidly trying to determine if the case can be resolved consensually rather than on wasteful motion practice and potentially unnecessary discovery.  We hope to hear from you promptly on these issues, which may moot the various disagreements on discovery.

David H. Bernstein

---

**From:** Steven Callahan [mailto:scallahan@McKoolSmith.com]
**Sent:** Friday, November 16, 2012 5:04 PM
**To:** Schaper, Michael; 'Ambler Jr., Robert R.'; Bernstein, David H.; Hamilton, Christopher J.; Bannigan, Megan K.; Wang, Zheng
**Cc:** Courtland Reichman; Jill Wasserman; Merial_Bayer
**Subject:** RE: Merial -- Deposition Dates For Bayer's Witnesses

Mike,

We'll go forward with Mr. Van Brunt on 11/29. Can we do the Cynthia Hughes-Coons deposition while we're out there (say, on 11/28)?

Thanks,

S.C.

---

**From:** Schaper, Michael [mailto:mschaper@debevoise.com]
**Sent:** Friday, November 16, 2012 11:43 AM
**To:** Steven Callahan; 'Ambler Jr., Robert R.'; Bernstein, David H.; Hamilton, Christopher J.; Bannigan, Megan K.; Wang, Zheng
**Cc:** Courtland Reichman; Jill Wasserman
**Subject:** RE: Merial -- Deposition Dates For Bayer's Witnesses

Steve - If Merial wants to depose Mr. Van Brunt November 28 or 29, we really need to know today.  He is juggling possible European travel that week and needs to firm up his schedule.  Please let me know one way or the other.

Thanks,
Mike

---

**From:** Schaper, Michael
**Sent:** Thursday, November 15, 2012 6:30 PM
**To:** 'Steven Callahan'; 'Ambler Jr., Robert R.'; Bernstein, David H.; Hamilton, Christopher J.; Bannigan, Megan K.; Wang,

Zheng
**Cc:** 'Courtland Reichman'; 'Jill Wasserman'
**Subject:** RE: Merial -- Deposition Dates For Bayer's Witnesses

Steve -

We had a conversation with Jill about (among other things) the issues raised in your email. We nevertheless wanted to get back to you on these points in writing.

First, we would like a date certain from Merial as to when it will produce the Heartgard efficacy documents.

Second, we would like the deposition availability of Merial's witnesses a few weeks after the documents are produced - though, with respect to witnesses with no responsibility for Heartgard, the deposition(s) could take place earlier.

Third, we are gathering dates for our witnesses and should be able to get them to you shortly.

Fourth, we reiterate our position that we will not make Cynthia Hughes-Coons available for a deposition. Given that she is in-house counsel with primary responsibility for managing this litigation, any deposition of Ms. Hughes-Coons will raise very substantial privilege issues. With respect to the straightforward issues addressed in her declaration, we provided a declaration from her out of convenience. It frankly is difficult to see how any of the statements in the declaration could be disputed. That said, if Merial nevertheless wants to depose someone on those issues, the facts underlying the declaration are better known to the business people at Bayer, including David Van Brunt, Head of Companion Animal Marketing (who you already have noticed). We can make him available Nov. 28-29. As it relates to the pending summary judgment motion, we could submit with our reply a declaration from Mr. Van Brunt to support the facts in Bayer's Rule 56.1 statement. Please let us know by noon tomorrow if Merial is agreeable to this approach and, if so, the date it would like for Mr. Van Brunt's deposition, since Mr. Van Brunt is juggling other plans for that week.

Fifth, while we don't see what useful information will come of deposing Ms. Rodriguez, we also don't think it's worth fighting over the issue. Accordingly, we will get dates from her as well. We would suggest, however, that any date picked for her deposition be late in the process so that Merial can determine, after deposing other Bayer witnesses, whether the deposition is necessary.

Lastly, consistent with its response to Merial's Doc. Request #54, Bayer will produce Advantage Multi efficacy-related documents which it has not already produced.

Mike

---

**From:** Steven Callahan [mailto:scallahan@McKoolSmith.com]
**Sent:** Wednesday, November 14, 2012 5:23 PM
**To:** Schaper, Michael; 'Ambler Jr., Robert R.'; Bernstein, David H.; Hamilton, Christopher J.; Bannigan, Megan K.; Wang, Zheng
**Cc:** Courtland Reichman; Jill Wasserman; Merial_Bayer
**Subject:** RE: Merial -- Deposition Dates For Bayer's Witnesses
**Importance:** High

Mike,

The Court ordered that "Bayer must comply with Merial's lawful discovery requests, *including its request to depose Bayer's individual employee witnesses.*" (emphasis added). Ms. Rodriguez is a fact witness in this case with relevant knowledge, and was specifically referenced in Merial's motion to compel as well as Merial's prior motion to modify the scheduling order (both of which the Court granted). We understand that Bayer believes that its summary judgment motion and certain representations purportedly made therein render Ms. Rodriguez irrelevant to this case, but Bayer's unilateral belief in this

regard is not a proper basis to obstruct discovery, especially in light of the Court's order. The fact is that Merial's claims have not been dismissed, and we don't believe they will be. And, even if dismissed, Ms. Rodriguez has information related to Bayer's claims and Merial's defenses thereto.

Accordingly, Merial intends to proceed with her deposition. We renew our request for dates for Ms. Rodriquez's deposition (as well as the others we have identified). In the absence of mutually-acceptable dates, we intend to re-notice Ms. Rodriquez for a date convenient for us. Please advise immediately whether new dates will be provided voluntarily, and if not, whether the witness will appear pursuant to our deposition notice.

Regarding Ms. Hughes-Coons, she too is a fact witness with relevant information, particularly given the declaration submitted in support of Bayer's motion for summary judgment. For example, her declaration is replete with factual statements that are simply not "essentially legal stipulations about Bayer's intent" and that are directly relevant to the parties' claims and defenses in this case. Merial need not attempt to figure out where the facts stated in her declaration came from (i.e., depose other Bayer witnesses in the hopes that they might corroborate Ms. Hughes-Coons' version of the facts). Bayer has asserted that the facts set forth in Ms. Hughes-Coons' declaration support summary judgment, and that there are no genuine issues of material fact. Bayer cannot at the same time deny Merial discovery of its fact witness, who testified under oath that the information in her declaration was based on personal knowledge.

Accordingly, Merial intends to proceed with Ms. Hughes-Coons' deposition. Please provide a date next week for this deposition. In the absence of an agreement to a date by close of business tomorrow, we will have no choice but to select the day and issue a notice. We of course would prefer to work with you.

Given Bayer's commitment to make its other witnesses available for deposition, we intend to work with you concerning convenient dates. Please remember that we have also served an amended Rule 30(b)(6) deposition notice so we will need proposed dates for that as well a few weeks after the employee depositions. Please provide those dates by the close of business on Friday so we can go ahead and get these scheduled promptly.

We will work to get you deposition dates for Merial's witnesses.

We are presently working on getting you the Heartgard efficacy-related document and will get back to you regarding timing. Please recall that we served an RFP on Bayer calling for the production of Bayer's documents concerning the efficacy of Advantage Multi (RFP No. 54). Given the Court's order on Bayer's motion to compel, we expect Bayer to produce these documents, per our August 29, 2012 letter. Please let us know if our expectation is incorrect.

Best regards,

S.C.

**From:** Schaper, Michael [mailto:mschaper@debevoise.com]
**Sent:** Tuesday, November 13, 2012 11:25 AM
**To:** Steven Callahan; 'Ambler Jr., Robert R.'; Bernstein, David H.; Hamilton, Christopher J.; Bannigan, Megan K.; Wang, Zheng
**Cc:** Courtland Reichman; Jill Wasserman
**Subject:** RE: Merial -- Deposition Dates For Bayer's Witnesses

Steve:

We'll get you dates for five of the six fact witnesses whose depositions Merial re-noticed on October 26.  The one exception is Ms. Rodriguez, who as you know works on the K9 Advantix and Advantage brands.  When Merial re-noticed her deposition on October 26, it did not have the benefit of all of the representations Bayer made in its November 5 summary judgment papers regarding its advertising for those products.  In light of these representations, we don't see how deposing Ms. Rodriguez would lead to the discovery of any relevant information.  We're happy to discuss the issue if Merial has different views.  If Merial agrees with our position, though, we believe that it should withdraw the notice of deposition for Ms. Rodriguez.  Separately, Bayer does not intend to produce Ms. Hughes-Coons for deposition.  The statements in her affidavit are essentially legal stipulations about Bayer's intent.  To the extent Merial has a legitimate need to depose someone on an issue covered in her affidavit (which we doubt it does), the relevant facts can be discovered through other fact witnesses already noticed for deposition.

With respect to Bayer's discovery of Merial, please let us know when Merial will make its previously-noticed witnesses available for deposition.  The timing of when we'll take certain depositions likely will depend on when we receive Heartgard-related documents the Court has ordered Merial to produce.  Please let me know by when we'll receive those documents.  It seem as though at least some responsive documents could be produced almost immediately because Merial has had to produce these documents in other matters.

Mike

---

**From:** Steven Callahan [mailto:scallahan@McKoolSmith.com]
**Sent:** Tuesday, November 13, 2012 10:51 AM
**To:** Schaper, Michael; 'Ambler Jr., Robert R.'; Bernstein, David H.; Hamilton, Christopher J.; Bannigan, Megan K.; Wang, Zheng
**Cc:** Courtland Reichman; Jill Wasserman; Merial_Bayer
**Subject:** RE: Merial -- Deposition Dates For Bayer's Witnesses
**Importance:** High

## Mike,

## We'd like to get moving with these depositions, which we requested dates for long ago (*see, e.g.*, my Oct. 19 e-mail below). Please provide proposed dates.

## Thanks,

## S.C.

---

**From:** Steven Callahan
**Sent:** Friday, November 09, 2012 4:44 PM
**To:** 'Schaper, Michael'; 'Ambler Jr., Robert R.'; Bernstein, David H.; Hamilton, Christopher J.; Bannigan, Megan K.; Wang, Zheng
**Cc:** Courtland Reichman; Jill Wasserman; Merial_Bayer
**Subject:** RE: Merial -- Deposition Dates For Bayer's Witnesses
**Importance:** High

Mike,

In light of the Court's Order from today, please let us know when Bayer will make its witnesses available for deposition.

Thanks,

S.C.

---

**From:** Schaper, Michael [mailto:mschaper@debevoise.com]
**Sent:** Monday, November 05, 2012 9:57 PM
**To:** Steven Callahan; 'Ambler Jr., Robert R.'; Bernstein, David H.; Hamilton, Christopher J.; Bannigan, Megan K.; Wang, Zheng
**Cc:** Courtland Reichman; Jill Wasserman; Merial_Bayer
**Subject:** RE: Merial -- Deposition Dates For Bayer's Witnesses

Steve:

There is a dispute about whether the depositions are properly noticed since Bayer understands that the Court's orders made clear that fact discovery is closed and Merial has refused to negotiate with us on a reasonable amount of additional fact discovery that the parties may pursue "by agreement." Once we receive a ruling from the court, we of course will cooperate on scheduling days for any permitted depositions on both sides.
Mike

---

**From:** Steven Callahan [mailto:scallahan@McKoolSmith.com]
**Sent:** Tuesday, October 30, 2012 7:10 PM
**To:** Schaper, Michael; 'Ambler Jr., Robert R.'; Bernstein, David H.; Hamilton, Christopher J.; Bannigan, Megan K.; Wang, Zheng
**Cc:** Courtland Reichman; Jill Wasserman; Merial_Bayer
**Subject:** RE: Merial -- Deposition Dates For Bayer's Witnesses
**Importance:** High

Mike,

As you know, we recently issued deposition notices for Bayer's witnesses (see e-mail below). We understand that Bayer will not be producing witnesses in response to these notices. Accordingly, we will not attend if your witnesses will not be there, but Merial reserves all rights relating to Bayer's failure to attend properly noticed depositions.

If Bayer changes its mind, or if it wants these depositions to go forward on different dates, please let us know. We do intend to proceed with the third party depositions.

Thanks,

S.C.

---

**From:** Steven Callahan
**Sent:** Friday, October 26, 2012 6:54 PM
**To:** Schaper, Michael; 'Ambler Jr., Robert R.'; Bernstein, David H.; Hamilton, Christopher J.; Bannigan, Megan K.; Wang, Zheng

**Cc:** Courtland Reichman; Jill Wasserman; Merial_Bayer
**Subject:** RE: Merial -- Deposition Dates For Bayer's Witnesses
**Importance:** High

Mike,

Bayer's position is unfortunate and not appropriate given the Court's ruling on Merial's motion (which Merial was forced to bring after Bayer's 180 reversal on the subject of discovery). Please see the attached deposition notices.

Best regards,

S.C.

---

**From:** Schaper, Michael [mailto:mschaper@debevoise.com]
**Sent:** Monday, October 22, 2012 12:54 PM
**To:** Steven Callahan; 'Ambler Jr., Robert R.'; Bernstein, David H.; Hamilton, Christopher J.; Bannigan, Megan K.; Wang, Zheng
**Cc:** Courtland Reichman; Jill Wasserman
**Subject:** RE: Merial -- Deposition Dates For Bayer's Witnesses

Steve:

We have repeatedly offered to schedule Rule 30(b)(6) depositions.  Unfortunately, Merial has refused to accept this offer and instead has brought yet another discovery dispute to the Court.  Since that motion is now pending, we think it more appropriate to wait for the Court to rule on the pending motion, in which we expect the Court to clarify the fact discovery that will still be permitted.

Best regards,
Mike

---

**From:** Steven Callahan [mailto:scallahan@McKoolSmith.com]
**Sent:** Friday, October 19, 2012 3:52 PM
**To:** Schaper, Michael; 'Ambler Jr., Robert R.'; Bernstein, David H.; Hamilton, Christopher J.; Bannigan, Megan K.; Wang, Zheng
**Cc:** Courtland Reichman; Jill Wasserman
**Subject:** Merial -- Deposition Dates For Bayer's Witnesses
**Importance:** High

Mike,

We'd like to get depositions for the following Bayer witnesses on the calendar:

(i) Cristiana Von Simson

(ii) David Van Brunt

(iii) Fiona Rey

(iv) Joe Hostetler

(v) Raquel Rodriguez

(vi) Robert Arther

We'd like to take these depositions by November 16. Please provide us with proposed dates by the close of business next Monday. If we don't hear back from you, we'll issue deposition notices with dates that work for us. Of course, if such dates do not work for you, and you provide alternative dates within the same general time frame, we'll be happy to reschedule.

Thanks,

S.C.