UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MERIAL LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>BAYER HEALTHCARE LLC,<br><br>    Defendant. | Civ. Action No. 1:11-cv-02888-JOF<br><br>**JURY TRIAL DEMANDED** |

**MERIAL LLC'S RULE 56(D) MOTION TO DENY DEFENDANT'S
MOTION FOR PARTIAL SUMMARY JUDGMENT AND
<u>MEMORANDUM OF LAW IN SUPPORT THEREOF</u>**

NOW COMES Plaintiff Merial LLC ("Merial"), and hereby moves the court to deny defendant Bayer Healthcare LLC's ("Bayer") Motion for Partial Summary Judgment under Rule 56(d)(1) of the Federal Rules of Civil Procedure.  Bayer has unilaterally refused to allow Merial to depose its witnesses, forcing Merial to obtain not one, but two, Orders of this court to permit Merial to obtain the requested discovery.  (*See* Declaration of Jill Wasserman ("Wasserman Decl.") ¶¶ 14, 16.)   Bayer moved for partial summary judgment based entirely on the self-serving and conclusory declaration of a witness whom Bayer refuses to produce for deposition.

McKool 844480v6

Case 1:11-cv-02888-JOF   Document 106   Filed 12/06/12   Page 2 of 5

Not having had the opportunity to examine Bayer's declarant, Bayer's in-house counsel Cynthia Hughes-Coons, on any of her factual claims, Merial can neither dispute nor confirm many of the statements in Bayer's Statement of Undisputed Facts.  In addition, there are several other fact witnesses who need to be deposed before Merial can adequately respond to Bayer's Motion.  After Bayer filed its summary judgment motion, it finally relented and put a single witness up for deposition.  As described in Merial's opposition brief, that witness made abundantly clear that additional discovery is needed to address Bayer's Motion.

To be clear, and as expressed more fully in Merial's opposition brief, incorporated herein, Bayer's motion is due to be denied because it is procedurally improper, premature, and without merit.  To ensure Merial's technical compliance with LR 56.1(a)(4), Merial files the instant motion.

## ARGUMENT AND CITATION OF AUTHORITIES

"The law in this circuit is clear: the party opposing a motion for summary judgment should be permitted an adequate opportunity to complete discovery prior to consideration of the motion." *Jones v. City of Columbus*, 120 F.3d 248, 254 (11th Cir. 1997) (holding district court abused its discretion by granting summary judgment even though it had allowed defendant to block plaintiffs' attempt to gain essential discovery); *see also* Fed. R. Civ. P 56(d); *Snook v. Trust Co. of Georgia*

2

McKool 844480v6

*Bank, N.A.*, 859 F.2d 865, 870 (11th Cir. 1988) ("[g]enerally summary judgment is inappropriate when the party opposing the motion has been unable to obtain responses to his discovery requests.")  Under Rule 56(d), a court may deny a motion for summary judgment or issue any other appropriate order "[i]f a nonmovant shows . . . that . . . it cannot present facts essential to justify its opposition."  Fed. R. Civ. P. 56(d).

Here, denial under Rule 56(d) is proper because Bayer has refused to allow Merial to depose Cynthia Hughes-Coons, the single witness upon whom Bayer rests its motion for summary judgment.  (*See* Bayer's Statement of Undisputed Facts).  Hughes-Coons's declaration is replete with vague, conclusory assertions that do little of themselves to shed light on the truth underlying Bayer's claim of mootness.  (*See* Merial's Br. in Opposition at 11-16.)

Denial under Rule 56(d) is proper for the additional reason that since August 2012, Bayer has alternately delayed and denied Merial's attempts to depose Bayer witnesses.  As a result, Merial has not yet taken the deposition of the other Bayer witnesses whose testimony would bear on the voluntary cessation issue before the court.  (*See* Merial's Br. in Opposition at 13-15.)

## CONCLUSION

3

For the foregoing reasons, Merial respectfully requests that the Court grant Merial's Rule 56(d) Motion to Deny Defendant's Motion for Partial Summary Judgment and issue an Order denying Bayer's Motion for Partial Summary Judgment without prejudice to refile, provided Bayer has good faith basis for doing so under Rule 11, and grant Merial such other and further relief as this Court deems just and proper.  A proposed Order is attached hereto.

DATED:  December 6, 2012

        Respectfully submitted,
        McKOOL SMITH, P.C.
        <u>s/ Jill Wasserman</u>
        Courtland L. Reichman
          (Ga. Bar No. 599894)
        Jill Wasserman
          (Ga. Bar No. 739662)
        1201 Peachtree, Suite 200
        400 Colony Square
        Atlanta, GA 30361
        (404) 572-4600

        Steven Callahan
          (Admitted *Pro Hac Vice*)
        300 Crescent Court, Suite 1500
        Dallas, TX 75080
        (214) 978-6357
        *Counsel for Plaintiff Merial LLC*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MERIAL LLC, | |
| Plaintiff, | Civ. Action No. 1:11-cv-02888-JOF |
| v. | |
| BAYER HEALTHCARE LLC, | **JURY TRIAL DEMANDED** |
| Defendant. | |

## [PROPOSED] ORDER

This matter came before the Court on Plaintiff Merial LLC's Rule 56(d) Motion to Deny Defendant's Motion for Partial Summary Judgment (the "Motion"). After careful consideration, the Motion is **GRANTED**.

It is therefore **ORDERED** that, pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, Defendant Bayer Healthcare LLC's Motion for Partial Summary Judgment is **DENIED** without prejudice to refiling upon the close of discovery.

SO ORDERED, this ___ day of December, 2012

_____
J. Owen Forrester
United States District Judge
Northern District of Georgia