UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MERIAL LLC, | |
| Plaintiff, | Civ. Action No. 1:11-cv-02888-JOF |
| v. | |
| BAYER HEALTHCARE LLC, | JURY TRIAL DEMANDED |
| Defendant. | |

DECLARATION OF JILL WASSERMAN IN SUPPORT OF
PLAINTIFF MERIAL LLC'S RULE 56(D) MOTION TO DENY
DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

I, Jill Wasserman, declare as follows:

1. I am a principal at the law firm McKool Smith P.C., attorneys of record for Plaintiff Merial LLP ("Merial") in the above-referenced matter. I am over the age of twenty-one (21). I have personal knowledge of the following facts and statements in this declaration and, if called upon to testify, I could and would testify competently thereto.

2. Attached hereto as Exhibit A is a true and correct copy of excerpts of the November 29, 2012 deposition of David Van Brunt.

3. Attached hereto as Exhibit B is a true and correct copy of e-mail correspondence between opposing counsel Michael Schaper and myself, dated August 17, 2012 through August 27, 2012.

1

McKool 845882v7

4. Attached hereto as Exhibit C is a true and correct copy of e-mail correspondence between opposing counsel Michael Schaper and myself, dated August 31, 2012 through September 3, 2012.

5. Attached hereto as Exhibit D is a true and correct copy of e-mail correspondence between counsel for Merial, including myself, and opposing counsel, dated September 17, 2012 through September 20, 2012.

6. Attached hereto as Exhibit E is a true and correct copy of e-mail correspondence between counsel for Merial, including myself, and opposing counsel, dated October 19, 2012 through November 16, 2012.

7. Attached hereto as Exhibit F is a true and correct copy of e-mail correspondence between counsel for Merial, including myself, and opposing counsel, November 16, 2012 through November 19, 2012.

8. Attached hereto as Exhibit G is a true and correct copy of e-mail correspondence between counsel for Merial, including myself, and opposing counsel, November 19, 2012 through November 20, 2012.

9. Merial first requested that Bayer provide dates for Bayer employee depositions on August 24 and 31, 2012. (*See* Ex. B at 1-2; Ex. C at 2.)

10. Bayer, however, did not provide dates for those witnesses to be deposed before the close of fact discovery. (*See* Ex. D at 5-6.)

11. Because Bayer did not make its witnesses available by the fact discovery deadline, Bayer suggested (and Merial agreed) that the parties should file a motion requesting that the discovery period be extended. (*See* Ex. B at 1; Ex. C at 1.)

12. On September 12, 2012, the parties jointly moved for an extension, and proceeded with scheduling fact witness depositions during October and November. (*See* ECF No. 57.)

13. On September 24, 2012, the Court denied the motion for an extension on discovery. (*See* Minute Order (Sept. 24, 2012).)

14. On September 27, 2012, Merial sought permission, through a Motion to Modify Scheduling Order As To Certain Interim Dates, to take the Bayer depositions during the time the parties had reserved for expert discovery. Bayer opposed, refusing to make its witnesses available for deposition. (*See* ECF Nos. 72, 77.)

15. On October 15, 2012, the Court granted Merial's motion.

16. Bayer continued to refuse to make its witnesses available, taking the position that the Court's order only required Bayer to make available those witnesses that it "agree[d]" to make available because otherwise fact discovery remained closed. (*See* Ex. E at 7.)

McKool 845882v7

17. Merial then filed a motion to compel, which the Court granted on November 9, 2012. (*See* ECF No. 94 at 5.)

18. On November 9, 2012, the day of the Court's order, Merial requested dates for the Bayer depositions. (*See* Ex. E at 7.)

19. Bayer continued to avoid providing dates for the requested depositions, argued with Merial that certain depositions were not necessary and would not be scheduled, and otherwise dragged out scheduling the depositions so that the depositions will not go forward until January. (*See* Ex. F, at 1-2, 4; Ex. G at 2.)

20. On November 6, 2012, Bayer filed a motion for partial summary judgment. It also filed, as the sole piece of factual support, the declaration of Cynthia Hughes-Coons, Bayer's in-house counsel. (*See* ECF No. 92.)

21. Notwithstanding its heavy reliance on her declaration, Bayer has blocked Merial from taking Ms. Hughes-Coons's deposition, stating its intent to seek a protective order from the court when it was served with a notice for her deposition. (*See* Ex. E at 4, 6, Ex. G at 1, 2.)

22. Instead, Bayer suggested that Merial should consider Bayer's Vice President of Companion Animal Marketing, David Van Brunt, as a substitute witness, making him available for deposition on November 29, 2012. (*See* Ex. E at 4 ("[I]f Merial . . . wants to depose someone on those issues [set out in Hughes-

Coons's declaration], the facts underlying the declaration are better known to the business people at Bayer, including David Van Brunt . . . .")

23. Without accepting Mr. Van Brunt in lieu of Ms. Hughes-Coons, his deposition proceeded on that date. At his deposition, Mr. Van Brunt testified repeatedly that he did not know everything Ms. Hughes-Coons was referring to in her declaration and that Merial would "have to talk to Cynthia" for answers to Merial's questions. (*See* Ex. A, Transcript of Deposition of David Van Brunt ("Van Brunt Dep. Tr.") at 285:19-20; 196:9-200:14; 281:8-282:14; 282:15-283:16.)

24. As of December 6, 2012, Merial has been permitted to take only one deposition of a Bayer employee.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on December 6, 2012 in Atlanta, Georgia.

                                                                      /s Jill Wasserman
                                                                       Jill Wasserman