UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MERIAL LLC, <br><br> Plaintiff, <br><br> v. <br><br> BAYER HEALTHCARE LLC, <br><br> Defendant. | Civ. Action No. 1:11-cv-02888-JOF <br><br> **JURY TRIAL DEMANDED** |

**MERIAL'S NOTICE OF OBJECTION
TO BAYER'S INTRODUCTION OF NEW EVIDENCE WITH ITS REPLY
AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

Merial LLC ("Merial") hereby objects to new evidence introduced for the first time by Bayer Healthcare LLC ("Bayer") in its Reply in Support of Partial Summary Judgment. (ECF No. 110, "Reply"). Merial respectfully requests that the Court disregard and exclude that evidence.

Bayer submitted the declaration of David Van Brunt for the first time with its Reply. Mr. Van Brunt is Bayer's employee, and his declaration plainly was available to Bayer when it filed its moving papers. Bayer's sandbagging has prejudiced Merial's ability to respond, contrary to this Court's rules.

1

Bayer's approach is not isolated, but rather intertwined with obstruction of the orderly administration of this case and undermining Merial's ability to obtain even routine evidence.  Bayer refused to produce its witnesses for deposition until after twice being ordered to do so by the Court.  It refused to produce witnesses promptly -- instead, rushing to file a summary judgment motion before producing any employees for deposition.  It relied on a single witness (Cynthia Hughes-Coons) to support its summary judgment motion, and then refused to produce her for deposition.  It then relied on a new declaration and related testimony of Van Brunt to make new arguments in its Reply, thus precluding a response by Merial.  The net result is Merial has been precluded from taking depositions it needs to respond, and has no meaningful opportunity to address Bayer's new arguments as to Van Brunt's testimony due to Bayer's sandbagging.

The Federal Rules do not condone such gamesmanship.  Merial consistently has sought to take the needed depositions.  Bayer could have waited until after Van Brunt (and other key witnesses) were deposed before filing its motion, and it could have submitted Van Brunt's declaration with its motion rather than with its Reply.  As a result of Bayer's tactics, Merial has been unfairly prejudiced, and the Court presented with an incomplete record on which to rule.   Merial asks that the Court disregard and exclude Bayer's new evidence.

2

McKool 852342v1

## FACTS

Merial first requested that Bayer provide dates for Bayer employee depositions in August 2012 (*see* Ex. A, E-mails between counsel for Bayer and Merial, *RE: Doc Production*, at 1-2; Ex. B, E-mails between counsel for Bayer and Merial, *RE: Merial v. Bayer -- Misc Discovery*, at 2), but Bayer did not provide deposition dates before September 27, 2012, the interim fact discovery deadline. (*See* Ex. C, E-mails between counsel for Bayer and Merial, *RE: Bayer-Merial deposition dates*, at 5-6). While Bayer initially agreed to request extensions necessary to take depositions, it later changed course and attempted to preclude Merial from taking even a single employee deposition. (*See* ECF Nos. 72, 77).

Bayer's refusal to produce employees for deposition forced Merial to seek and obtain two orders of this Court before Bayer would allow Merial to depose a single employee witness. First, on October 15, 2012, the Court granted Merial's motion for an extension of the interim fact-discovery deadline over Bayer's opposition. (*See* Minute Order (Oct. 15, 2012)). Second, on November 9, 2012, after Bayer continued to refuse to produce employees for deposition, the Court granted Merial's motion to compel depositions. (*See* ECF No. 94 at 5). After the Court granted this second motion, Bayer continued to avoid providing dates for Merial's requested depositions and refused to produce witnesses until January

3

2013. (*See* Ex. D, E-mails between counsel for Bayer and Merial, *RE: Merial -- Extension Request*, at 1; Ex. E, E-mails between counsel for Bayer and Merial, *RE: Merial -- Amended Deposition Notices*, at 2).

On November 5, 2012, Bayer filed its motion for partial summary judgment. (ECF No. 91). Bayer's brief in support of summary judgment and Statement of Undisputed Facts relied exclusively on facts presented in the declaration of a single fact witness, Cynthia Hughes-Coons, Bayer's in-house counsel. (ECF No. 92 ("Hughes-Coons Decl.")). On November 8, 2012, in response to Bayer's reliance on Hughes-Coons in its summary judgment motion, Merial served a Notice to Take Deposition of Hughes-Coons. (ECF No. 93). Bayer categorically refused to produce Hughes-Coons for deposition, and has sought a protective order to prevent Merial from deposing her. (ECF No. 104). Even after refusing her deposition and seeking the protective order, Bayer continues to rely on Hughes-Coons' declaration, asking the Court to dismiss most of Merial's claims based on her testimony. (*See, e.g.*, Reply at 5 (citing Hughes-Coons Decl.)).

In an e-mail of November 15, 2012, Bayer responded to Merial's requests to depose Hughes-Coons by instead offering David Van Brunt, Bayer's Vice President of Marketing for Companion Animals, as an alternate witness for Merial to depose. (*See* Ex. F, E-mails between counsel for Bayer and Merial, *RE: Merial*

4

-- *Deposition Dates For Bayer's Witnesses*, at 4 ("[I]f Merial . . . wants to depose someone on those issues [addressed in the Hughes-Coons declaration], the facts underlying the declaration are better known to the business people at Bayer, including David Van Brunt . . . .")). Incredibly, even though the deadline at that time for Merial to respond to Bayer's motion for partial summary judgment was November 29, Bayer only offered Mr. Van Brunt on November 28 or 29, while simultaneously refusing to agree to a one-week extension for Merial's response. (*Id.*; Ex. D at 5-6). On November 19, Bayer finally agreed to Merial's request to extend time, and Merial's time to respond was extended to December 6, 2012. (*See* ECF No. 103, Consent Motion to Extend Time to Respond to Summary Judgment Brief; Minute Order of Nov. 26, 2012, granting Motion).

On November 27, two days before the Van Brunt deposition, Bayer sent Merial a declaration executed by Van Brunt. (*See* ECF No. 110-3, Declaration of David Van Brunt ("Van Brunt Decl.")). At that point, three weeks had passed since Bayer moved for partial summary judgment. On November 29, Merial deposed Van Brunt. The deadline for Merial's response brief was one week later.

In its Response to Bayer's summary judgment motion, Merial objected to the Hughes-Coons Declaration because it consisted of conclusory statements and Bayer refused to produce her for deposition. (*See* ECF No. 105, Merial's

5

Opposition to Bayer's Motion for Partial Summary Judgment). Merial also filed a Rule 56(d) motion seeking dismissal of Bayer's summary judgment motion as premature because Merial did not have the opportunity to depose Hughes-Coons to test her conclusory factual assertions. (*See* ECF No. 106, Merial's Rule 56(d) Motion to Deny Bayer's Motion for Partial Summary Judgment).

On December 21, Bayer filed its Reply. In that Reply, Bayer cites extensively both to the Van Brunt Declaration and to portions of Van Brunt's testimony (collectively, "Van Brunt evidence") to make new arguments. (*See, e.g.*, Reply at 5-6, 8-9). Bayer has made no attempt to explain its failure to present the Van Brunt evidence with its opening brief, nor has it requested leave from this Court to supplement its initial filings.

## ARGUMENT AND CITATION OF AUTHORITIES

"[T]he proper method for challenging the admissibility of evidence in an affidavit [in support of a motion for summary judgment] is to file a notice of objection to the challenged testimony." *Circle Grp., L.L.C. v. Se. Carpenters Reg'l Council*, 836 F. Supp. 2d 1327, 1347 (N.D. Ga. 2011); *see also Morgan v. Sears, Roebuck & Co.*, 700 F. Supp. 1574, 1576 (N.D. Ga. 1988) (Forrester, J.) ("Rather than filing a motion to strike as under Rule 12, the proper method for challenging the admissibility of evidence in an affidavit is to file a notice of objection to the

6

challenged testimony.").

Under Rule 6(b), an affidavit in support of a motion must be filed "*with the motion*," not with the reply brief.  Fed. R. Civ. P. 6(d) ("When a motion is supported by affidavit, the affidavit shall be served with the motion . . . ."); *see also* L.R. 7.1(A)(1) ("Every motion presented to the clerk for filing shall be accompanied by a memorandum of law which cites supporting authority.  *If allegations of fact are relied upon, supporting affidavits must be attached* to the memorandum of law.") (emphasis added).  Rule 6(b) is

> designed, indeed its purpose, is to insure that the party opposing a motion for summary judgment be given sufficient time to respond to the affidavits filed by the moving party, thereby avoiding any undue prejudice. Justice is not served by allowing a moving party to unfairly surprise and prejudice the non-movant by producing evidence of new, substantive facts at the last minute when there is no opportunity for the non-movant to respond. This is precisely the kind of trial by ambush that the federal rules summarily reject.

*Tishcon Corp. v. Soundview Communs., Inc.*, No. 04-CV-524, 2006 U.S. Dist. LEXIS 97309, at *26-27 (N.D. Ga. Feb. 14, 2006).[1]

Evidence filed with a reply brief is generally subject to exclusion as untimely filed.  *See, e.g.*, *Lewis v. Zilog, Inc.*, 908 F. Supp. 931, 959 (N.D. Ga.),

---

[1] In a narrow exception -- not applicable here -- a court will consider reply affidavits, but "*only for the limited purpose of responding to matters raised in the responses filed by the opposing parties*." *Exceptional Mktg. Grp., Inc. v. Jones*, 749 F. Supp. 2d 1352, 1359 (N.D. Ga. 2010) (emphasis added).

7

*aff'd*, 87 F.3d 1331 (11th Cir. 1996) (sustaining objection where declaration was "not submitted with [the] original Motion for Summary Judgment, but only with [the] Reply Brief"); *Tishcon Corp.*, 2006 U.S. Dist. LEXIS 97309, at *26 (granting, "on timeliness grounds," motion to strike reply affidavits). *Cf. Useden v. Acker*, 947 F.2d 1563, 1571 (11th Cir. 1991) ("Absent an affirmative showing by the non-moving party of excusable neglect according to Fed. R. Civ. P. 6(b), a court does not abuse its discretion in refusing to accept out-of-time affidavits.").[2]

This Court has repeatedly rejected attempts, like Bayer's, to present new evidence for the first time in a reply brief. *See, e.g.*, *Exceptional Mktg. Grp., Inc. v. Jones*, 749 F. Supp. 2d 1352, 1360 (N.D. Ga. 2010) ("If the declarations filed with the Motion . . . were insufficient, the Defendants may not later file reply declarations as a supplement or substitute."); *Tishcon Corp.*, 2006 U.S. Dist. LEXIS 97309 at *26 (refusing to consider reply affidavit where it was offered as "a substitution for declarations . . . that [the opposing party] ha[d] in large part successfully challenged").

---

[2] At a minimum, if a court chooses to consider untimely evidence, the opponent is permitted an opportunity to respond in a sur-reply. *See Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) ("[W]here new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the [non-]movant an opportunity to respond."); *Black v. TIC Inv. Corp.*, 900 F.2d 112, 116 (7th Cir. 1990) (same).

8

Here, the Court should exclude the Van Brunt evidence as untimely because Bayer did not file this evidence with its summary judgment motion despite ample opportunity to do so. Bayer has unfairly prejudiced Merial by saving the Van Brunt evidence for its Reply. While Merial deposed Van Brunt before filing its opposition brief, it was deprived of knowing what arguments Bayer would make based on that new evidence. "Justice is not served by allowing a moving party to unfairly surprise and prejudice the non-movant by producing evidence of new, substantive facts at the last minute when there is no opportunity for the non-movant to respond." *Tishcon Corp.*, 2006 U.S. Dist. LEXIS 97309, at *26-27. As in *Tishcon Corp.*, Bayer's attempt at "trial by ambush" in violation of the federal rules should be "summarily reject[ed]." *Id.*

For example, Bayer's Reply uses Van Brunt's testimony to specify -- for the first time -- Bayer's reasons for discontinuing both the Blagburn Ads and the Pooch Protest Ads. (*See* Reply at 5, 6). The only evidence Bayer provided on this issue in its opening brief was the single statement in the Hughes-Coons Declaration that Bayer decided to discontinue its ads "[f]or reasons unrelated to this litigation." (Hughes-Coons Decl. ¶ 11). As another example, Bayer relies on the Van Brunt evidence to argue, for the first time, that there is no likelihood that it will resume the complained-of conduct because the ads "have reached the end of

their useful lives." (Reply at 6, 8). Merial has no opportunity to respond to these, and other, new arguments based on new evidence.

Bayer created this situation. It could have submitted a declaration from Mr. Van Brunt with its summary judgment motion. It could have waited until after the Van Brunt deposition to file its motion, then relied on that testimony in its opening brief. Instead, Bayer refused to produce any employees for deposition until after filing its summary judgment motion, relied on the Van Brunt declaration for the first time in its reply brief, and refused to permit the deposition of the one witness upon whom it relied in its opening brief, Cynthia Hughes-Coons. Under these circumstances, Merial has been unfairly prejudiced, and there simply is no reason to deviate from the well-established rule against sandbagging.

## CONCLUSION

Bayer's summary judgment motion is riddled with problems. It filed the motion under the wrong procedural rule (*see* ECF No. 105 at 8-9), it refused to produce employee witnesses for deposition even after the Court extended the fact discovery deadline, it rushed to file its summary judgment motion before it permitted depositions to take place, and it categorically refused to allow the deposition of its sole fact witness. Instead, it attempted to substitute a new witness after the fact, introducing that witness' testimony for the first time in its Reply.

The case simply has not been prosecuted in a manner that allows the Court to make a merits decision -- especially given Bayer's "formidable burden" of proving that its voluntary cessation moots Merial's claims.  Accordingly, Merial respectfully objects to the introduction of the Van Brunt declaration and the deposition testimony, and asks the Court to disregard and exclude this untimely evidence.

DATED:  January 4, 2013

                                              Respectfully submitted,
                                              McKOOL SMITH, P.C.
                                              <u>s/ Jill Wasserman</u>
                                              Courtland L. Reichman
                                                (Ga. Bar No. 599894)
                                              Jill Wasserman
                                                (Ga. Bar No. 739662)
                                              1201 Peachtree, Suite 200
                                              400 Colony Square
                                              Atlanta, GA 30361
                                              (404) 572-4600

                                              Steven Callahan
                                              (Admitted *Pro Hac Vice*)
                                              300 Crescent Court, Suite 1500
                                              Dallas, TX 75080
                                              (214) 978-6357
                                              *Counsel for Plaintiff Merial LLC*

## **CERTIFICATE OF COMPLIANCE WITH LR 5.1(C)**

This is to certify that the foregoing document was prepared using Times New Roman 14 point font in accordance with LR 5.1(C).

DATED:  January 4, 2013

<u>s/ Jill Wasserman</u>
Jill Wasserman

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically pursuant to LR 5.1 on January 4, 2013 using the Court's CM/ECF system, which will automatically send e-mail notification of the filing to the parties' attorneys of record.

s/ Jill Wasserman
Jill Wasserman
