# Exhibit C
Highlights Added

**Steven Callahan**

| | |
|---|---|
| **From:** | Steven Callahan |
| **Sent:** | Thursday, September 20, 2012 5:24 PM |
| **To:** | 'Schaper, Michael'; Jill Wasserman |
| **Cc:** | Bernstein, David H.; Bannigan, Megan K.; Wang, Zheng; Courtland Reichman |
| **Subject:** | RE: Bayer-Merial deposition dates |

Mike,

We are interested in moving along with discovery as promptly and efficiently as possible, to be completed within the existing schedule. We are growing increasingly concerned that Bayer is not proceeding in a manner that will allow the parties to complete discovery on time. We offer the following observations as to points raised in your email.

*First*, you appear to be suggesting holding up scheduled depositions, or at least "reserving your right" to do so, purportedly due to Merial's forthcoming document production. We disagree with the appropriateness of this suggestion. If your witnesses are available, there is no reason to delay providing dates to us--Merial's document production schedule has nothing to do with it. Also, there is no reason to believe that the documents remaining to be produced by Merial (or the thousands of documents Bayer has yet to produce) would have any impact on the outstanding depositions.

*Second*, with respect to 30(b)(6) v. 30(b)(1) notices, we understand your point, but have decided to proceed with a separate 30(b)(6) deposition (i.e., we decline Bayer's proposal to combine 30(b)(6) and 30(b)(1) depositions). We have had too much trouble in the past with combining such depositions (e.g., disputes over whether a particular answer is in an individual capacity, corporate capacity, or both). Merial is entitled to have Bayer on the record through its 30(b)(6) testimony, and we are aware of no basis for Bayer to avoid this obligation.

*Third*, regarding document production, please recall that, after the settlement discussions terminated, Merial had proposed a longer extension of the case schedule, but Bayer insisted on a relatively short discovery period within which Merial was required to respond to Bayer's broad document requests. We explained then that it would be difficult if not impossible to reasonably accommodate the short discovery period Bayer preferred given the volume of documents involved, and, indeed, that has been the case, despite Merial's diligent efforts to produce documents efficiently and at the same time to address Bayer's (incorrect) intimation that Merial has withheld documents. Any issue with scheduling is a problem of Bayer's own making. Merial has worked diligently and extremely quickly to sort through hundreds of thousands of pages in

response to Bayer's broad requests.

In any event, this is not a case where you need document production to be completed prior to taking depositions. For example, we were willing to proceed next week with Ms. Rodriguez's deposition despite Bayer apparently producing less than half of its documents before yesterday (i.e., the production we received yesterday from Bayer of 8,000 documents appears to double Bayer's document production to date, and Bayer has also indicated that intends to produce 3,000 documents in the future). Indeed, until yesterday, Bayer's document production lagged far behind Merial's.

*Fourth*, in addition to the deposition dates in September that you cancelled for Hutton, Strommen, Frey, and Murray, we already provided you additional dates for Murray and Frey, but you chose to not go forward with those depositions, requiring us to go back to them a third time for dates. As previously noted by Jill, Murray is available on October 5, and we are still trying to find dates for the others that do not conflict with your travel schedule. Also, we are available for Susan Little's deposition on October 19, 22, 24, 25, or 26.

*Fifth*, we told you over a week ago the anticipated volume of documents that we'd be producing (14GB), and we provided you with custodial information. What more information do you need regarding this production? We remind you that Bayer only yesterday committed to its final production schedule so we see no basis for any issues regarding Merial's production.

While we must respond to the points you raised to set the record straight, we are not interested in a debate over side issues. Instead, we ask that Bayer simply provide dates in a prompt manner, stick to them unless changes are unavoidable, and prosecute discovery in a manner reasonably calculated to be completed by the applicable deadline.

Thanks,

    S.C.

---

**From:** Schaper, Michael [mailto:mschaper@debevoise.com]
**Sent:** Wednesday, September 19, 2012 4:58 PM
**To:** Steven Callahan; Jill Wasserman
**Cc:** Bernstein, David H.; Bannigan, Megan K.; Wang, Zheng; Courtland Reichman
**Subject:** RE: Bayer-Merial deposition dates

Steve -

We are not suggesting that we hold up any scheduled depositions. We just want to conduct depositions as efficiently as possible by avoiding the burden, expense and inconvenience of deposing any of the same individuals twice (that is, both in their individual and 30(b)(6) capacities). We would extend Merial the same courtesy, since presumably Merial does not want its employees subjected to multiple depositions either. Frankly, the approach I suggested is quite typical and I'm surprised you would suggest a potentially more burdensome alternative.

With respect to the deposition of Ms. Rodriquez, we informed you of the change promptly -- the same day as receipt of Jill's email suggesting that date and just one day after my email proposing alternative dates -- so I don't understand how Merial is prejudiced. For our part, we have not asked for an explanation of why Ms. Williams' availability on Oct. 5 changed so quickly after you said that date worked for your side (and, for what it is worth, that is a date that worked well for me). As we assume is the case with Merial, we are working in good faith to try to make all these witnesses available but are juggling several moving parts. We will provide you with additional dates when Ms. Rodriquez will be available well within the discovery period, but it will not be next week given the Yom Kippur holiday and other work commitments.

Regarding deposition scheduling generally, we have provided dates within the discovery period for all Bayer witnesses (except that we owe you new potential dates for Ms. Rodriquez; we will get that to you shortly), and we will have substantially completed our document production prior to those dates, so it's not clear why you are complaining. In contrast, we still do not have dates for all of Merial's witnesses (I understand dates for Strommen and Hutton will be forthcoming, as well as alternative dates for Murray and Frey). Of more concern is that until today we have had no idea of when Merial would substantially complete its document production, despite my repeated requests for information on that front (including in my call with you of a week-and-a-half ago and follow up e-mail and my follow up e-mail to Jill yesterday). Without knowing that information and what the volume of additional documents will be - and we still don't know the volume - it has been difficult for us to schedule these depositions since we do want to have the documents in hand sufficiently in advance of the depositions so that we can adequately prepare. For this reason, the dates you offered in September were meaningless because we had no interest in taking Merial's witnesses' depositions before we had the opportunity to review Merial's documents. Please let me know at your earliest convenience final volume of documents we can expect. Until we receive that information, we reserve the right to continue to adjust the deposition schedule.

Mike

---

**From:** Steven Callahan [mailto:scallahan@McKoolSmith.com]
**Sent:** Tuesday, September 18, 2012 7:21 PM
**To:** Schaper, Michael; Jill Wasserman
**Cc:** Bernstein, David H.; Bannigan, Megan K.; Wang, Zheng; Courtland Reichman
**Subject:** RE: Bayer-Merial deposition dates

Michael,

We'll get you our 30(b)(6) notice as soon as possible. In any event, because the 30(b)(6) notice will seek testimony from Bayer in its corporate capacity, it is improper to hold up 30(b)(1) depositions of individuals pending receipt of the 30(b)(6) notice.

With respect to the Rodriguez deposition, we had already begun the process of making plans to take that deposition, after you had (yesterday) offered her for deposition on Sept. 28 and we (earlier today) accepted that date. On what basis must you reschedule and is there any way that the deposition can be rescheduled for another date next week (as we would like to go forward then with the deposition)?

In August, we asked for dates for Bayer's witnesses, and also provided, in August, deposition dates for Merial's witnesses (to occur in September). Bayer then advised that it did not want to take our witnesses' depositions in September. We offered dates for our witnesses in September, and sought Bayer witnesses in September so that the parties would not have to take 20 depositions or so in October, which now appears inevitable. And you advised us just today that we cannot schedule depositions the last week in October because nobody from your office would be available.

Merial is entitled to expect prompt responses to its deposition requests and to schedule depositions in the order it prefers, with reasonable accommodation for unavoidable

scheduling conflicts. To this end, please provide a day next week for Ms. Rodriguez's deposition and we intend to proceed with the other witnesses as previously agreed.

Thanks,

    S.C.

---

**From:** Schaper, Michael [mailto:mschaper@debevoise.com]
**Sent:** Tuesday, September 18, 2012 4:52 PM
**To:** Jill Wasserman
**Cc:** Bernstein, David H.; Bannigan, Megan K.; Wang, Zheng; Courtland Reichman; Steven Callahan
**Subject:** RE: Bayer-Merial deposition dates

Jill - Sorry, but we now need to reschedule Rodriguez. I'll get you new dates for her.

Also, on the 30(b)(6) notice, some of the scheduled witnesses likely will be Bayer's 30(b)(6) witnesses as well. For that reason, we need to have your 30(b)(6) notice by the end of this week at the latest so that we can prepare them accordingly. We will not make these individuals available for separate dates as individuals/30(b)(6) witnesses. Because Merial's 30(b)(6) witnesses also may overlap with those whose depositions we've requested, we'll also plan to get you our 30(b)(6) notice this week.

Thanks,
Mike

---

**From:** Jill Wasserman [mailto:jwasserman@McKoolSmith.com]
**Sent:** Tuesday, September 18, 2012 3:52 PM
**To:** Schaper, Michael
**Cc:** Bernstein, David H.; Bannigan, Megan K.; Wang, Zheng; Courtland Reichman; Steven Callahan
**Subject:** RE: Bayer-Merial deposition dates

Mike - this will confirm von Simson on October 2.
Thanks again,
Jill

---

**From:** Schaper, Michael [mailto:mschaper@debevoise.com]
**Sent:** Tuesday, September 18, 2012 2:41 PM
**To:** Jill Wasserman
**Cc:** Bernstein, David H.; Bannigan, Megan K.; Wang, Zheng; Courtland Reichman; Steven Callahan
**Subject:** RE: Bayer-Merial deposition dates

Thanks Jill.

1. Here are dates for our remaining witnesses:

Cristiano von Simson: Oct 2-3

Joe Hostetler: Oct. 10-12

2. Thanks for the dates for Merial's people. Unfortunately, the dates for Frey and Murray don't work for us because David and I both will be traveling internationally on other matters that week. Can you suggest other dates for them? Also, can you try to get additional dates for Mr. Carithers since it's likely that we'll already be double tracking in Kansas City that week? I'll get back to you on our preferred dates for Williams and Mardis.

3. Bayer document production: We are producing today about 8,000 documents and at the end of the week or early next

week about 3,000 documents. That will substantially complete our production, with the exception of post-privilege log clean-up and documents not already produced (if any) responsive to Merial's most recent document requests.

4. Merial document production: We received today a disc with only about 550 documents. I had understood that this production was going to be much more substantial. Please let us know ASAP the schedule for Merial producing the remainder of its documents. The timing of Merial's production may of course impact when we can depose Merial's witnesses.

5. Dr. Little's deposition: We'll wait to hear from you on when you'll be available for this deposition and then we can coordinate with Dr. Little's counsel.

Mike

---

**From:** Jill Wasserman [mailto:jwasserman@McKoolSmith.com]
**Sent:** Tuesday, September 18, 2012 10:40 AM
**To:** Schaper, Michael
**Cc:** Bernstein, David H.; Bannigan, Megan K.; Wang, Zheng; Courtland Reichman; Steven Callahan
**Subject:** RE: Bayer-Merial deposition dates

Mike,
This will confirm that we'll take the following depositions of Bayer personnel on the following dates:

Rodriguez: Sept. 28
Rey: Oct. 10
Van Brunt: Oct. 11
Arther: Oct. 12

We'd also like to take von Simson on October 9 if he's available then. I think I already mentioned that we'll be getting a 30(b)(6) notice out to you shortly as well, so to the extent you can, please plan for that as well.

Our witnesses are available as follows:
Williams: 10/5, 10/11
Carithers: 10/10
Mardis: 10/15, 10/17, 10/19, 10/22
Murray: 10/24-26
Frey: 10/24-26

I am expecting to have additional dates from Strommen and Hutton for you later this week.
Thanks,
Jill

---

**From:** Schaper, Michael [mailto:mschaper@debevoise.com]
**Sent:** Monday, September 17, 2012 9:48 AM
**To:** Jill Wasserman
**Cc:** Bernstein, David H.; Bannigan, Megan K.; Wang, Zheng
**Subject:** Bayer-Merial deposition dates

Jill: Our witnesses are available on the following dates:
Fiona Rey: Oct. 9-10, 18-19

9/27/2012

Bob Arther: Sept. 28; Oct. 11-12
David Van Brunt: Oct. 3, 11
Raquel Rodriguez: Sept. 28; Oct. 2

We're still waiting for dates from Joe Hostettler and Cristiano von Simson (and should have them shortly).

When will you be sending new dates for the Merial witnesses?

Thanks,
Mike

9/27/2012