# EXHIBIT D

**From:** Steven Callahan
**Sent:** Monday, November 19, 2012 3:28 PM
**To:** Bernstein, David H.
**Cc:** Courtland Reichman; Merial_Bayer; Schaper, Michael; Hamilton, Christopher J.; Bannigan, Megan K.; Wang, Zheng; 'Ambler Jr., Robert R.'; Jill Wasserman
**Subject:** RE: Merial -- Extension Request

I understand your position on December deposition dates, but we disagree with it. We can discuss later on, and hopefully come to a resolution that makes everyone happy. If we can get our response brief on file early, we'll do so (but there was a reason we wanted the 7 days and sent so many e-mails about it so I'm not terribly hopeful of us getting anything on file early).

Have a good Thanksgiving everyone.

Best regards,

S.C.

---

**From:** Bernstein, David H. [mailto:dhbernstein@debevoise.com]
**Sent:** Monday, November 19, 2012 5:20 PM
**To:** Steven Callahan
**Cc:** Courtland Reichman; Merial_Bayer; Schaper, Michael; Hamilton, Christopher J.; Bannigan, Megan K.; Wang, Zheng; 'Ambler Jr., Robert R.'; Jill Wasserman
**Subject:** RE: Merial -- Extension Request

Steve,

As I made clear in my earlier email, we won't be producing witnesses in December.  There will be ample time after the holidays to depose everyone who needs to be deposed in this case.  We are in the process of getting our witnesses' availability for dates when we also will be available, and will be in touch with you on that in due course, but it is premature to issue new notices since we don't have those dates yet.  I also note that we haven't received any dates from you for your client's witnesses, nor have you indicated when you will be prepared to start, and complete, production of Merial's Heartgard efficacy documents, which, as Mike and I have both made clear, we'll need before we can proceed with those depositions.

As I also made clear, it is our intention to move expeditiously with the pending motion; I hope to be in position to file our reply early rather than needing an extension.  To that end, if you find that you don't need a full 31 days for opposition papers, we certainly would welcome receiving  your opposition papers early as well.

I will be happy to review Jill's draft stipulation when she sends it. I'm leaving the office in 2 minutes for a client dinner so won't be able to review it tonight.  I will be out of the office tomorrow for a series of meetings and appointments, but will do my best to respond as quickly as possible.

David

---

**From:** Steven Callahan [mailto:scallahan@McKoolSmith.com]
**Sent:** Monday, November 19, 2012 6:11 PM
**To:** Bernstein, David H.; Jill Wasserman
**Cc:** Courtland Reichman; Merial_Bayer; Schaper, Michael; Hamilton, Christopher J.; Bannigan, Megan K.; Wang, Zheng; 'Ambler Jr., Robert R.'
**Subject:** RE: Merial -- Extension Request

David, thanks; we appreciate it very much. Jill will pass along the stipulation.

To be clear, we're not withdrawing the Hughes-Coon deposition notice, but we understand you're going to do whatever it is you think is necessary with respect to the notice. Because the date of the deposition set in the first Hughes-Coon deposition notice has already passed, we'll serve another one (since we understand that you won't be producing her for deposition, we'll select a date that would work for us). As always, if you change your mind on this, and would like to offer Ms. Hughes-Coon for deposition, we'd work with you to come to an agreeable date.

We would like to move forward with the other depositions during December and intend to issue deposition notices tonight. Of course, and as always, we're willing to work with you on mutually agreeable dates/locations. To the extent that any such depositions would interfere with your schedule on the reply brief (or if you'd need an extension on the reply brief), I'm sure that an extension will be fine, so don't worry about an extension.

We can discuss deposition dates with you later this week.

Best regards,

S.C.

---

**From:** Bernstein, David H. [mailto:dhbernstein@debevoise.com]
**Sent:** Monday, November 19, 2012 2:52 PM
**To:** Jill Wasserman
**Cc:** Courtland Reichman; Merial_Bayer; Schaper, Michael; Hamilton, Christopher J.; Bannigan, Megan K.; Wang, Zheng; 'Ambler Jr., Robert R.'; Steven Callahan
**Subject:** RE: Merial -- Extension Request

Jill

Although we disagree with your position for the reasons we have articulated, I don't think it appropriate to submit a dispute over a three-day extension to a federal judge for adjudication.  Accordingly, we will accede to your request for an extension until December 6.

On our side, that means that we will need to work hard during the weeks of December 10 and 17 to try to submit our reply early, so as to avoid interfering with our client's and my team's Christmas holidays.  Given the effort that I expect we will need to make during the weeks of December 10 and 17 on top of other commitments during those weeks, we do not anticipate being able to offer any of our witnesses for deposition during those weeks so that we may be focused on the summary judgment reply.  Instead, we will look to schedule depositions on both sides during January and February.  We will go back to our witnesses to get potential dates during those months; we ask that you please do the same so that we can get these depositions on the calendar (which, of course, assumes that Merial will promptly produce the Heartgard efficacy documents so that we have plenty of time to review them and prepare for January's depositions).

If, despite our best efforts, we find that we are unable to complete our reply early, I will be back to you with respect to a request for an extension since I will be out of the office on vacation, and then on business-related travel, from December 21 through January 7.  However, it is my hope that we will not need such an extension since, as you know, we would like to have this motion submitted to Judge Forrester as promptly as possible.

David

---

**From:** Jill Wasserman [mailto:jwasserman@McKoolSmith.com]
**Sent:** Monday, November 19, 2012 2:18 PM
**To:** Bernstein, David H.; Steven Callahan
**Cc:** Courtland Reichman; Merial_Bayer; Schaper, Michael; 'Ambler Jr., Robert R.'; Hamilton, Christopher J.; Bannigan, Megan K.; Wang, Zheng

**Subject:** RE: Merial -- Extension Request

David,

We requested a courtesy extension of one week to respond in light of the upcoming Thanksgiving holiday to accommodate the holiday schedules of our team and our client. This should be -- and generally is in this district -- a common professional courtesy. We have extended Bayer and your team any number of similar courtesies with respect to scheduling throughout this case and simply ask that you do the same in this instance. As Steve and I have told you already, we would have no objection to a reasonable extension that you might need to accommodate holiday plans and schedules in connection with a reply.

To the extent you are concerned that this brief extension could prejudicially delay resolution of your motion, my experience, and I think that Bob would confirm this, is that the Court is unlikely to take it up for some time, and not before the end of the year in any event.

It appears, then, that we will have to seek a week's extension directly from the Court.

As to the discovery-related issues you raise, Steve will be back in touch with you.
Best regards,
Jill

---

**From:** Bernstein, David H. [mailto:dhbernstein@debevoise.com]
**Sent:** Monday, November 19, 2012 12:03 PM
**To:** Steven Callahan
**Cc:** Courtland Reichman; Jill Wasserman; Merial_Bayer; Schaper, Michael; 'Ambler Jr., Robert R.'; Hamilton, Christopher J.; Bannigan, Megan K.; Wang, Zheng
**Subject:** RE: Merial -- Extension Request

Dear Steve

We understand the nature of your request. For the reasons we discussed at length with Jill last week and that I described at length in the email response I sent over the weekend, we are not in a position to consent.

That said, in a final effort to see if we can find an acceptable compromise that will avoid unnecessary and wasteful motion practice, and which should preserve your four-day Thanksgiving holiday without forcing Bayer's reply to interfere with its and my team's Christmas holiday, we are prepared to agree to extend your time to respond by four days, to December 3, if you will give us just one extra day for our reply papers, until December 21.

As for Ms. Hughes-Coons' deposition, we continue to object to this effort to depose Bayer's in-house lawyer who is in charge of managing this litigation, but rather than move for a protective order at this time, let's wait for you to take Mr. Van Brunt's deposition, which is scheduled for November 29, and confer further after that. If Mr. Van Brunt (who is the Head of Companion Animal Marketing at Bayer, and thus best positioned to address any issues about cessation of the advertisements at issue) is unable to answer all of your questions, and if you feel that you still need to depose Bayer's in-house counsel, we can address those issues at that time.

I completely agree that it would be a waste of Court and party resources to file a motion on this issue, and hope that Merial will accept this proposal in the spirit of compromise with which it is offered.

Best regards, and I do hope you and your family enjoy the Thanksgiving holiday,

David

---

**From:** Steven Callahan [mailto:scallahan@McKoolSmith.com]

**Sent:** Monday, November 19, 2012 10:19 AM
**To:** Bernstein, David H.
**Cc:** Courtland Reichman; Jill Wasserman; Merial_Bayer; Schaper, Michael; 'Ambler Jr., Robert R.'; Hamilton, Christopher J.; Bannigan, Megan K.; Wang, Zheng
**Subject:** RE: Merial -- Extension Request
**Importance:** High

David,

We asked for a 7 day courtesy extension to respond to a summary judgment motion so that nobody's Thanksgiving Holiday will be ruined (and I can assure you that it will be if Bayer does not consent to the requested 7 day extension). Bayer filed this summary judgment motion months before the deadline. Put simply, an extra 7 days is not going to affect anything relating to this case (except our Thanksgiving Holiday) or prejudice Bayer in any way.

(Also, we don't believe briefing on Bayer's summary judgment motion is appropriate at this time because it raises a number of fact issues on which we still have not been permitted to take discovery, such as the Hughes-Coons deposition.)

I understand that you previously indicated that you would agree to this extension request, but only on the condition that we withdraw our request for Ms. Hughes-Coons' deposition. Attempting to tie a simple 7 day courtesy extension request that impacts our Thanksgiving Holiday to a concession on a substantive issue in this case (i.e., whether we can depose the one fact witness who offered the only piece of evidence in support of Bayer's motion for summary judgment) was not proper, and you knew we could not and would not agree to it.

You now have attempted to complicate what should be a simple issue (i.e., Bayer agreeing to a 7 day extension as a courtesy to make it so no one's Thanksgiving Holiday is ruined) by interjecting a number of new, entirely unrelated issues (e.g., settlement, Bayer's reply date, deposition dates for Bayer's witnesses, etc.) as well as an old, entirely unrelated issue (i.e., us agreeing to withdraw the Hughes-Coon deposition notice). Again, this is not acceptable.

In terms of an extension for Bayer's reply, an extension under the circumstances should be a common courtesy, and we have extended many such courtesies to Bayer in the past.

Again, please ask Bayer's in-house counsel to reconsider Bayer's position, as the Court should not have to be bothered regarding this issue.

Otherwise, we intend to file our motion for extension.

Best regards,

S.C.

---

**From:** Bernstein, David H. [mailto:dhbernstein@debevoise.com]

**Sent:** Sunday, November 18, 2012 10:14 AM
**To:** Steven Callahan
**Cc:** Courtland Reichman; Jill Wasserman; Merial_Bayer; Schaper, Michael; 'Ambler Jr., Robert R.'; Hamilton, Christopher J.; Bannigan, Megan K.; Wang, Zheng
**Subject:** RE: Merial -- Extension Request

Dear Steve

I'm in the office today; Mike is not, so let me respond to your note of Friday night.

We certainly do not want to interfere with anyone's Thanksgiving holiday, but as we explained on Thursday to Jill, we cannot accommodate the requested courtesy extension.

First, we have been discussing the issues addressed in our motion with Merial since September in an effort to reach agreement on a streamlining of the issues for trial.  We remain hopeful that Merial will engage with us in active discussions on the settlement proposals that we have made, but if we are unable to resolve aspects of or the entire case consensually, we intend to pursue an expeditious judicial resolution.  Since we have been discussing these issues with Merial for a couple of months already, and have been exchanging correspondence on the issues, they are hardly new issues for Merial to address.

Second, regardless of the holiday, Merial has had ample time to respond to these issues.  Bayer filed this motion on November 5 and, because we filed by ECF, Merial has 3 extra days (so 24 days total) to respond.  With the response not due until a full week after Thanksgiving, no one's holiday needs to be spent working on Merial's reply.

Third, as we explained to Jill, extending out Merial's date would necessarily extend the date for Bayer's response into the Christmas holidays and would in fact interfere with already-planned travel and holiday vacation plans on our side.  Although Jill offered to provide us with an extension of time as well for our reply, that would only further delay the final resolution of this motion.  We would like to have this issue briefed and submitted to Judge Forrester promptly so that the motion can, hopefully, be decided in time to provide guidance to the parties as they complete discovery and trial preparation.

Finally, under the existing schedule, our reply will be due December 17.  With the reply out of the way on that date, it is my hope that we can then offer up some of Bayer's witnesses for deposition during the December 18-21 period, and we are actively working with the witnesses to pin down dates.  I am not yet ready to commit, but it is my hope that we may be able to offer up both Rey and Hostetler in that time period.  Any extension of the briefing schedule will mean that we will be working on the reply that week, and thus we may be unavailable for depositions that week.

For all these reasons, and without any desire to inconvenience you or your colleagues, the requested extension is not something to which we can agree.

That said, let me offer up two alternative approaches.  First, I don't object to extending your date to November 30, if that will alleviate some of the pressure, which I believe keeps our reply at December 17 (though I would like to know that we could get an extra day as well, if we find we need it) and will facilitate our ability to offer up Rey and Hostetler in the December 18-21 period.  As part of this arrangement, I'd like to know whether any of your witnesses can be made available that week and whether you can commit to get us the efficacy documents at least a week earlier, so that we can try to make progress on discovery during that week before Christmas.

Alternatively, if you are prepared to agree to withdraw Ms. Hughes-Coons' deposition notice at this time (which will save us the need to waste time on a potentially unnecessary motion for a protective order), we could agree to a compromise that has your opposition papers due on Dec. 3 and our reply papers due on Dec. 21.  If, after the Van Brunt deposition, you still feel that there are issues that he was unable to address regarding the cessation statements in Ms. Hughes-Coons declaration, you would be free to issue a new deposition notice, and we reserve the right to continue to object.  However, if you elect to take this compromise, because we will be busy with our reply brief during the December 17 week, it is less likely that we also will be able to schedule depositions during that week and may need to push depositions to after the holidays (though we will work with our team to assess people's availability to do both briefing and depositions in light of other work and vacation commitments during those weeks).

Please let us know how you would like to proceed.

Best regards,

David

**From:** Steven Callahan [mailto:scallahan@McKoolSmith.com]
**Sent:** Friday, November 16, 2012 5:08 PM
**To:** Schaper, Michael; 'Ambler Jr., Robert R.'; Bernstein, David H.; Hamilton, Christopher J.; Bannigan, Megan K.; Wang, Zheng
**Cc:** Courtland Reichman; Jill Wasserman; Merial_Bayer
**Subject:** Merial -- Extension Request
**Importance:** High

Mike,

I understand that Merial has requested a 7 day extension as a courtesy to respond to Bayer's motion for summary judgment -- i.e., in light of the Thanksgiving Holiday, Merial requested an extension from November 29 to December 6 to respond to Bayer's motion for summary judgment.

I further understand that Bayer refuses to agree to this extension request. We are filing our motion for an extension of time on Monday, and we ask that you reconsider your position. Please let us know today if at all possible your final position on this, as we intend to be working on the extension request over the weekend.

Best regards,

   S.C.

Steven Callahan
McKool Smith, P.C.
300 Crescent Court, Suite 1500
Dallas, TX  75201
214-978-6357
scallahan@mckoolsmith.com

NOTICE OF CONFIDENTIALITY:

The information contained in and transmitted with this e-mail is SUBJECT TO THE ATTORNEY-CLIENT and ATTORNEY WORK PRODUCT PRIVILEGES and is CONFIDENTIAL.  It is intended only for the individual or entity designated above.  You are hereby notified that any dissemination, distribution, copying, use or reliance upon the information contained in and transmitted with this e-mail by or to anyone other than the addressee designated above by the sender is unauthorized and strictly prohibited.  If you have received this e-mail in error, please notify the sender by reply immediately.  Any e-mail erroneously transmitted to you should be immediately destroyed.