UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MERIAL LLC, | |
| Plaintiff, | Civ. Action No. 1:11-cv-02888-JOF |
| v. | |
| BAYER HEALTHCARE LLC, | **JURY TRIAL DEMANDED** |
| Defendant. | |

# MERIAL'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS RULE 56(D) MOTION TO DENY DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Merial LLC ("Merial") respectfully files this Reply in support of its Rule 56(d) Motion to Deny Partial Summary Judgment ("Rule 56(d) Motion," ECF No. 106). Bayer did not file a separate response to Merial's Rule 56(d) Motion.[1] Section III.B. of Bayer's reply in support of its summary judgment motion appears, however, to address Merial's Rule 56(d) Motion. (ECF No. 110 ("M.S.J. Reply"), at 12-15).

## INTRODUCTION

Merial's Rule 56(d) Motion rests on the straightforward proposition that it has a right to depose the sole fact witness -- Cynthia Hughes-Coons -- submitted with Bayer's motion for partial summary judgment.

Bayer's motion seeks dismissal of nearly all of Merial's claims on mootness grounds -- specifically, Bayer contends that its voluntary cessation of the challenged conduct renders most of Merial's claims moot. The voluntary cessation question involves a factual determination of whether the challenged conduct actually has ceased and whether the party claiming mootness has carried its extremely heavy burden of demonstrating it is absolutely clear that the challenged

---

[1] *See* L.R. 7.1.B ("Failure to file a response shall indicate that there is no opposition to the motion."). Bayer asserted that Merial's Rule 56(d) Motion was "superfluous." (Reply S.J. at 1 n.1). To the contrary, it was filed in compliance with Local Rule 56.1.B(2)(a)(4).

1

conduct could not reasonably be expected to recur.  The cases establish that merely making representations as to future conduct is not enough.  To this end, the Court must also examine the defendant's intent and motive in allegedly ceasing such conduct.  These are fact questions that require an evidentiary basis and are routinely subject to challenge.

Bayer argues that the statements in the Hughes-Coons declaration are sufficient to resolve this issue without further discovery.  While Bayer no doubt would prefer to have its factual allegations accepted without question, the Federal Rules afford Merial the right to test Ms. Hughes-Coons' conclusory allegations through discovery and to probe the factual underpinnings of those assertions.  For example, her declaration claims the challenged conduct has, or will in the future, cease.  Merial has the right to understand precisely what conduct Bayer has ceased -- it appears that the scope of Bayer's alleged cessation is extremely narrow, leaving it free to in substance resume its unlawful ads.  Merial further has the right to understand what controls Bayer put in place to stop this conduct, and exactly how it plans to stop the ads it has not yet ceased.  Similarly, Merial needs evidence as to Bayer's intent and motives in order to properly address the factual requirements of the Eleventh Circuit's voluntary cessation doctrine.

Bayer also argues that Merial has not sufficiently explained why it needs additional discovery. The need for a deposition of Hughes-Coons is self-evident. She is the sole fact witness submitting a declaration with Bayer's summary judgment motion. That Bayer filed a motion for a protective order as to her testimony does not diminish her importance as a witness. Instead, it shows that Bayer seeks to use a witness' testimony selectively to support summary judgment, while at the same time blocking even routine access to that witness. Bayer contends that its substitute declarant -- David Van Brunt -- should be enough. Merial has, however, moved to exclude this declaration because it was submitted for the first time with Bayer's Reply. In any event, the deposition of Van Brunt made clear that Hughes-Coons is a necessary witness, in possession of key facts not known to Van Brunt.

Finally, Bayer contends that Merial has not named other witnesses it needs to depose. This is a classic "catch 22" -- Merial cannot name witnesses because Bayer has refused to produce Hughes-Coons. Merial expects that, when deposed, Hughes-Coons will identify witnesses who also have knowledge regarding Bayer's factual statements regarding voluntary cessation.

The key facts relevant to Bayer's summary judgment motion are in its sole possession. Having refused the deposition of Hughes-Coons, Bayer's summary

judgment motion should be denied. Merial is confident that there will be no basis for summary judgment on mootness grounds once the facts come out through discovery. If, however, Bayer has a basis for such a motion after the completion of discovery, it can refile its motion then.

## ARGUMENT AND CITATION OF AUTHORITIES

"The party opposing a motion for summary judgment has a right to challenge the affidavits and other factual materials submitted in support of the motion by conducting sufficient discovery so as to enable him to determine whether he can furnish opposing affidavits." *Jones v. City of Columbus*, 120 F.3d 248, 253 (11th Cir. Ga. 1997). Accordingly, "summary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery." *Snook v. Trust Co. of Georgia Bank, N.A.*, 859 F.2d 865, 870 (11th Cir. 1988) (collecting cases). Under Rule 56(d)(1), a Court may "defer considering . . . or deny" a motion for summary judgment upon a proper showing by the nonmovant. Fed. R. Civ. P. 56(d)(1).

Rule 56(d) relief is warranted "[i]f the . . . discovery sought would be relevant to the issues presented by the motion for summary judgment . . . ." *Jones*, 120 F.3d at 253.

### I.    The Eleventh Circuit Cases Recognize That Voluntary Cessation Involves A Fact-Intensive Inquiry

A party claiming mootness due to voluntary cessation (1) must demonstrate that the challenged conduct has actually ceased and (2) must carry the "extremely heavy burden" of demonstrating that it is "absolutely clear" that the challenged conduct could not reasonably be expected to recur. *See Sheely v. MRI Radiology Network*, 505 F.3d 1173, 177, 1183-85 (11th Cir. 2007). The latter inquiry entails examining at least three factors: (a) the motivation for the cessation, (b) the intent behind the alleged wrongful conduct, and (c) whether the party claiming mootness has admitted liability for the wrongdoing. *Id.* at 1184-85.

Bayer's summary judgment motion raises issues as to: whether, and to what extent, Bayer has discontinued certain complained-of advertising, whether, and to what extent, Bayer will discontinue certain other complained-of advertising, and whether Bayer's decision to do so was motivated by a desire to avoid liability. Bayer has prevented Merial from deposing Hughes-Coons, filed its motion before Merial had the opportunity to depose any Bayer employee witness, and refused Merial access to any employee witness other than David Van Brunt before January 2013. Merial is entitled to Rule 56(d) relief because the deposition testimony of Hughes-Coons and of the other Bayer employee witnesses is relevant to these

material issues.  Each of these issues -- cessation, future intent, and motivation -- is solely within the knowledge of Bayer employees.  Indeed, with respect to the conclusory factual statements in the Hughes-Coons Declaration, *only* Hughes-Coons is in a position to explain the bases for her conclusions.

## II.     Bayer's Motion Raises Disputable Issues Of Fact

Bayer asserts that Merial is not entitled to discovery because "[t]he combination of Bayer's binding statements in [the Hughes-Coons and Van Brunt Declarations], and the undisputed fact that Bayer discontinued most of these ads before this litigation commenced, is sufficient to resolve this issue without further discovery."  (Reply at 13).  To the contrary, neither the law nor the evidentiary record support Bayer's arguments.

First, *Sheely* expressly states that "[a] defendant's assertion that it has no intention of reinstating the challenged practice does *not* suffice to make a case moot and is but *one* of the factors to be considered in determining the appropriateness of granting an injunction against the now-discontinued acts." *Sheely*, 505 F.3d at 1184 (emphasis added) (internal quotation marks omitted).

Bayer's attempt to distinguish *Sheely* is unavailing.  Bayer argues that the statements in the Hughes-Coons and Van Brunt declarations are not "assertions" but rather are "binding and judicially enforceable."  (Reply at 7-8).

6

Bayer's cases, however, do not support the proposition that its declarations eliminate any issue of fact as to Bayer's future intent.  *Samsung* concerns a formal *covenant* not to sue, and is limited to the patent context.  *Samsung Elecs. Co. v. Rambus, Inc.*, 398 F. Supp. 2d 470, 476-80 (E.D. Va. 2005).  Bayer relies on *Stokes v. Village of Wurtsboro*, 818 F.2d 4, 5 (2d Cir. 1987), but a subsequent Second Circuit case clarified that a defendant's "numerous representations to the court" as to its future conduct were *not* sufficient to moot a claim because those representations did *not* qualify as "a binding, judicially enforceable agreement." *Kidder, Peabody & Co. v. Maxus Energy Corp.*, 925 F.2d 556, 563 (2d Cir. 1991) (emphasis added).

Indeed, it is difficult to understand how Bayer's factual representations, if they turn out to be inaccurate, could give rise to a later cause of action by Merial. This is why the mere promise as to future conduct is not sufficient under the controlling case law.  Moreover, the Hughes-Coons and Van Brunt Declarations are inconsistent as to the scope of Bayer's intended cessation as to certain of its 100% efficacy claims -- Hughes-Coons states that Bayer's future advertising categorically will not communicate a message of 100% efficacy, but Van Brunt's Declaration states that Bayer will not run such advertisements, *unless* Bayer can support them with a new study.  (*Compare* Hughes-Coons Decl. ¶ 21 *with* Van

7

Brunt Decl. ¶ 19).  Such inconsistent representations raise questions as to whether Hughes-Coons' Declaration could be enforceable on any point, given that, only weeks later, Bayer submitted a fundamentally different declaration.

Bayer's representations about its intended future conduct are factual -- evidence of Bayer's intent -- and subject to dispute.  For example, Hughes-Coons' testimony as to Bayer's intent to discontinue complained-of advertising and conduct in the future raises such fact questions as whether Hughes-Coons is aware of specific plans Bayer has in place to ensure future cessation; whether she knows what measures Bayer will take to ensure that its sales representatives will not make claims of superiority or resistance; and her understanding as to the scope of Bayer's commitment regarding future cessation.[2]

Deposing Hughes-Coons and other Bayer employees as to these questions is all the more appropriate given Van Brunt's deposition testimony that, for example, Bayer continues to run -- and plans to keep running -- materially similar Blagburn Ads (Van Brunt Dep. at 176:8-177:5; 215:15-217:24); that Bayer is "still

---

[2] Moreover, given that a case becomes moot only if the parties no longer have a legally cognizable interest in the outcome, *e.g.*, *Murphy v. Hunt*, 455 U.S. 478, 481 (1982), whether Merial does or does not retain a legally cognizable interest in the outcome of this litigation depends on the fact question of Bayer's intent as to the *scope* of its future cessation.

assessing" whether the Pooch Protest Ad has "reached its useful life" (*id.* at 272:9-14); and that Bayer had done nothing to ensure that the complained-of Blagburn ads were not being used (*id.* at 207, 208, 227-28).

Similarly, Bayer's assertion that Merial is not entitled to discovery because it is "undisputed fact that Bayer discontinued most of these ads before this litigation commenced" (Reply at 13) is incorrect for many reasons. The evidence as to the timing and scope of Bayer's alleged cessation is not undisputed. This litigation commenced in August 2011. (ECF No. 1). Of the nine ads that Bayer claims to have discontinued, it claims to have discontinued only four of them before this litigation began -- hardly "most." (*See* Reply at 2 & n.2). More important than *when* Bayer claims to have discontinued its advertising is the *scope* of its alleged cessation. The testimony of Van Brunt made clear that, with respect to six Blagburn Ads, Bayer intends only to stop those six precise executions -- it appears that Bayer reserves the right to make *de minimis* changes and republish materially similar advertising causing the same type of damage to Merial that led to this suit. (*See* Opp. S.J. at 15-16) (detailing Van Brunt's testimony as to scope of Bayer's claimed cessation). These questions as to Bayer's intent demonstrate that relying on self-serving, conclusory allegations in this case is inappropriate and underscore the need for discovery.

9

In any event, whether Bayer discontinued ads before this litigation commenced is irrelevant to the merits of Merial's Rule 56(d) motion. Bayer does not explain why this allegation, if true, would vitiate Merial's right to discovery. The point of this assertion seems to be that Bayer alleges its motivation was unrelated to this litigation, but this is but one piece of evidence; it hardly establishes Bayer's motives as a matter of law such that there is no remaining material issue of fact regarding the motivations for the decision. Indeed, even if some of the advertisements were discontinued before this litigation commenced, that discontinuation could have been motivated by an attempt to avoid liability, and Merial has the right to explore that question by examining Bayer employees who were involved in the decision to cease the advertising. As detailed in Merial's moving papers, Van Brunt's deposition testimony makes clear that this question remains open to dispute, and that Merial has the right to take discovery on this issue. (Opp. S.J., incorporated by reference into 56(d) Mot., at 22 (describing Van Brunt's testifying that he did not recall whether there was a direct connection between the discontinuation and this litigation only days after he had executed a declaration stating that there was *no* connection)).

### III. Merial's 56(d) Motion Provided Ample Ground To Deny Summary Judgment As Premature

Bayer also argues in substance that Merial has not sufficiently explained its need for the evidence it seeks: depositions of Hughes-Coons and of other Bayer employees. (Reply at 13). This assertion defies common sense. Bayer employees are the only witnesses who possess knowledge of the key facts supporting Bayer's motion: Bayer's cessation, motivation, and intent as to future conduct. The only testimony Bayer submitted with its summary judgment motion was the single, conclusory declaration of Hughes-Coons.[3]

First, as to Hughes-Coons, Bayer states that it filed a motion for a protective order, but does not explain how that motion affects Merial's right to relief under Rule 56(d). Indeed, Bayer's conduct with respect to Hughes-Coons -- relying on her conclusory declaration, then moving for a protective order to prevent Merial from testing any of the factual claims -- *supports* Merial's 56(d) motion. Bayer cannot have it both ways: opposing Hughes-Coons' deposition and also relying on

---

[3] With its Reply, Bayer introduced the declaration and deposition testimony of David Van Brunt. Merial objected to this evidence and requested that the Court exclude it. (ECF No. 112, Merial's Notice of Objection to New Evidence With Its Reply ("Notice of Objection")).

11

her declaration. If Hughes-Coons cannot be deposed, then Bayer's summary judgment motion should be denied.

Bayer also argues in substance that the Hughes-Coons deposition is unnecessary because Van Brunt's declaration and deposition are an adequate substitute. (Reply at 14 n.7). This argument is untenable. Bayer cannot rely on the Van Brunt evidence, given that it was submitted for the first time in Bayer's Reply in violation of the Rules.[4] In any event, particularly concerning the factual matters at issue in Bayer's summary judgment motion -- including *motivation* for ceasing advertising and *intent* as to future conduct -- witness testimony is not interchangeable. Van Brunt's deposition testimony only underscores this point.

*First*, during his deposition, Van Brunt repeatedly testified that he did not know everything Hughes-Coons was referring to in her declaration and that Merial would "have to talk to Cynthia" for answers to Merial's questions about Hughes-Coons' declaration testimony. (*See, e.g.*, 205:19-206:8 (Van Brunt unaware of "specifics of [Hughes-Coons'] declaration"); 207:22-208:21 (Van Brunt unaware whether Hughes-Coons would know if any sales representative handed out any of the purportedly discontinued advertisements in 2012); 224:15-227:2 (Van Brunt

---

[4] (*See* Notice of Objection).

unaware of every discussion Hughes-Coons attended regarding changing and/or discontinuing ads); 281:8-283:16 (Van Brunt unaware of any plans to instruct sales representatives and had not spoken with Hughes-Coons about any plans she may have been aware of when she executed her declaration); 285:19-20 (volunteering that Merial would "have to talk to Cynthia" regarding whether Bayer had, since November 5, 2012, put any consequences in place to ensure that sales representatives would not make claims of general superiority or resistance based on the Blagburn report)).  Given that Bayer's cessation, motivation, and intent are the central issues in this motion, Bayer's assertion that these facts "do not go to the key issue" (Reply at 14 n.7) is simply incorrect.

*Second*, Van Brunt's testimony conflicted with the testimony in both his own declaration and that of Hughes-Coons.  Despite having presented a declaration to Merial also saying that the Bayer ads were stopped for reasons "unrelated to this litigation," when pressed for details and reminded that his testimony was under oath, Mr. Van Brunt eventually conceded: "I don't recall whether there was a direct connection" between the litigation and the decision to cease running Bayer's ads.  (Van Brunt Dep. at 217:25-218:11).  Similarly, and as discussed in greater detail in Merial's Opposition Brief, incorporated by reference in the 56(d) Motion, Van Brunt's testimony raised other questions as to Hughes-Coons' declaration,

13

such as whether she understands Bayer as committing to cease advertising claiming superiority and making resistance claims based on the Blagburn Study, and whether, more generally, Bayer's promise is nothing beyond its commitment not to use the specific executions described in Merial's complaint.  (*See* Opp. S.J. at 15-16).

Bayer also seems to contend that Merial has sufficient discovery because Bayer has "produced some 25,000 documents, many of which are related to these ads . . . ." (Reply at 13).  Merial's motion focuses on witness *depositions*, not production of documents.  In any event, the documents Bayer provided responded to requests as to the merits, not as to the question of voluntary cessation now before the Court.

Finally, in arguing that Merial was not sufficiently specific because it did not name the additional Bayer employees it sought to depose, Bayer misses the point: Merial's inability to identify the precise Bayer employees strengthens Merial's case for Rule 56(d) relief.  Merial has thus far been blocked from deposing any Bayer employees other than Van Brunt, and has not had the opportunity to question Hughes-Coons as to which other employees would be familiar with the facts leading to Bayer's alleged decision to discontinue its advertising.

14

## CONCLUSION

For these reasons and those stated in Merial's opening brief, Merial respectfully requests that this Court grant Merial's Rule 56(d) Motion to deny summary judgment.

DATED: January 7, 2013

                                        Respectfully submitted,
                                        McKOOL SMITH, P.C.
                                        <u>s/ Jill Wasserman</u>
                                        Courtland L. Reichman
                                          (Ga. Bar No. 599894)
                                        Jill Wasserman
                                          (Ga. Bar No. 739662)
                                        1201 Peachtree, Suite 200
                                        400 Colony Square
                                        Atlanta, GA 30361
                                        (404) 572-4600

                                        Steven Callahan
                                          (Admitted *Pro Hac Vice*)
                                        300 Crescent Court, Suite 1500
                                        Dallas, TX 75080
                                        (214) 978-6357
                                        *Counsel for Plaintiff Merial LLC*

## **CERTIFICATE OF COMPLIANCE WITH LR 5.1(C)**

This is to certify that the foregoing document was prepared using Times New Roman 14 point font in accordance with LR 5.1(C).

DATED:  January 7, 2013

                                                <u>s/ Jill Wasserman</u>
                                                Jill Wasserman

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically pursuant to LR 5.1 on January 7, 2013 using the Court's CM/ECF system, which will automatically send e-mail notification of the filing to the parties' attorneys of record.

s/ Jill Wasserman
Jill Wasserman
