**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| MERIAL LLC, | ) | CIVIL ACTION FILE |
| | ) | NO. 1:11-cv-02888-JOF |
| Plaintiff and Counterclaim-Defendant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BAYER HEALTHCARE LLC, | ) | |
| | ) | |
| Defendant and Counterclaim-Plaintiff. | ) | |
| | ) | |

**<u>Reply Memorandum of Law in Further Support of Bayer HealthCare LLC's</u>**
**<u>Motion For A Protective Order</u>**

Bayer HealthCare LLC ("Bayer") respectfully submits this reply memorandum of law in further support of its motion for a protective order preventing the deposition of Bayer's internal counsel Cynthia Hughes-Coons.

## PRELIMINARY STATEMENT

At issue in this motion is whether Merial LLC ("Merial") is entitled to depose Cynthia Hughes-Coons, Bayer's internal counsel, as to statements made in a declaration submitted in connection with Bayer's motion for partial summary judgment.  Merial's opposition reads as two separate briefs, with the combined effect of attempting to elevate form over substance.  On the one hand, Merial argues at length that it needs discovery on the issues in Ms. Hughes-Coons' declaration, suggesting that she is the only fact witness who could give relevant testimony.  Those sections of the brief make no mention of the fact that Merial deposed David Van Brunt, the head of Bayer's marketing group, on those same issues after he submitted a declaration nearly identical to the Hughes-Coons declaration.  On the other hand, Merial elsewhere in its opposition makes a half-hearted argument as to why deposing Mr. Van Brunt – which it did for seven hours (371 pages of testimony) – was insufficient.  These portions of the brief mischaracterize Mr. Van Brunt's testimony and fail to offer any credible reason as to why Ms. Hughes-Coons' deposition is necessary.  (That Merial may be unhappy

with Mr. Van Brunt's explanations as to why Bayer has ceased use of certain advertisements is no legitimate reason.)  Having failed to build a convincing argument on the record, Merial misstates the law in an attempt to water down the standard for deposing counsel.  As a result, Merial comes nowhere near making the showing required to depose counsel, especially one (like Ms. Hughes-Coons) responsible for litigation strategy.

Merial's conduct makes plain that its true intention is nothing more than an attempt to harass Bayer's in-house counsel and delay the Court's consideration of its motion for partial summary judgment and dismissal of Merial's moot claims. This attempt should be rejected.

## ARGUMENT

## I.    Merial Has Not Met Its Burden to Justify Deposing Bayer's Counsel

As demonstrated in Bayer's opening brief, it is well-established that depositions of parties' attorneys "inherently constitute an invitation to harass the attorney and parties, and to disrupt and delay the case."  *Floyd v. SunTrust Banks, Inc.*, No. 1:10-CV-2620-RWS, 2011 U.S. Dist. LEXIS 70964, at *4 (N.D. Ga. June 30, 2011) (citation omitted).  Thus, such depositions are generally disfavored and courts have placed a heavy burden on the party seeking to meet such a burden. *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986) (requiring party

seeking deposition to demonstrate (1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case). Merial has not even attempted to – and cannot – meet this burden.  Instead, Merial asserts that *Shelton* is inapplicable.  Merial is wrong on the law and its discussion of the record mischaracterizes Mr. Van Brunt's testimony and overstates what is at issue in Bayer's narrow motion for partial summary judgment.[1]

---

[1]  Merial also argues that Bayer's motion is part of a purported attempt to "obstruct discovery."  Opp'n at 2-3.  Merial's insistence on revisiting past scheduling disputes appears to be an effort to distract the Court from the issues on this motion and Bayer's motion for partial summary judgment.  In any event, previous scheduling issues have been the product of good faith disputes between the parties.  *See, e.g.,* Docket Entry Nos. 77, 90.  After the Court ruled that discovery should go forward, Bayer provided Merial with deposition dates for all of its witnesses (other than Ms. Hughes-Coons, whose deposition is subject to this motion).  Declaration of Michael Schaper ¶ 2.  Merial's hypocrisy in revisiting these issues is laid bare given that, at the time it made the same "obstructing discovery" argument against Bayer in its summary judgment opposition, it had not provided Bayer with a single deposition date for its witnesses.  *Id.* ¶ 5.  Once the Court ruled, Bayer expeditiously moved forward with discovery, and provided Merial with dates for all of its fact and expert witnesses.  *Id.* ¶¶ 2,3.  In contrast, Merial still has not provided Bayer with the identity or availability of its 30(b)(6) witness(es) or with dates for one of its expert witnesses, *id.* ¶¶ 4, 5, which suggests that Merial's real concern is not to promptly proceed with discovery but rather to try to distract the Court's attention from the narrow issue in these pending motions with its unfounded accusations against Bayer.

A.      *Shelton* **Is Applicable Authority**

Merial wrongly contends that *Shelton* applies solely to "address[] the abusive discovery tactic of deposing opposing counsel *offensively*, to learn about the opponent's litigation strategy or otherwise harass the opponent" and is, therefore, "[i]napposite" and "[n]on-binding" where (as here) the issue involves a declaration "affirmatively" submitted by in-house counsel.  Opp'n at 21-22.  In support, Merial cites *Pamida, Inc. v. E.S. Originals, Inc.*, 281 F.3d 726 (8th Cir. 2002), but it mischaracterizes that holding.  In *Pamida,* the court held that *Shelton* does not apply where the discovery sought is from the attorney's representation of the same client in a ***prior, concluded*** case.  *Id.* at 730.  The court further held that the district court appropriately applied *Shelton* in denying discovery as to ***the pending case***.  *Id.  Pamida* thus supports Bayer's request for a protective order against a deposition of the in-house counsel at Bayer who is supervising the litigation in this pending case.

That holding is consistent with decisions in other cases as well, including where counsel "affirmatively" submitted a declaration.  *See, e.g., Auto Alliance Int'l, Inc. v. United States*, 32 Ct. Int'l Trade 704, 708-09 (Ct. Int'l Trade 2008) (prohibiting deposition of defendant's counsel under *Shelton* test and holding that

defendant did not waive privilege or work product immunity by filing counsel's affidavit because the affidavit did not disclose the content of any protected communications or work product); *Chopra v. Townsend, Townsend & Crew LLP*, No. 07-cv-02447-MSK-MEH, 2008 U.S. Dist. LEXIS 86043, at *7-8 (D. Colo. Oct. 2, 2008) (applying *Shelton* and prohibiting deposition of attorney where plaintiff filed affidavit relating to protected communications but defendant could obtain same information from deposition of the plaintiff instead); *SEC v. Buntrock*, 217 F.R.D. 441, 447 (N.D. Ill. 2003) (where plaintiff's attorney filed affidavit in other trials, work product immunity was not waived because defendant failed to carry burden of proving all three *Shelton* factors; plaintiff also failed to carry burden of establishing that work product immunity was waived where counsel's affidavit did not reveal specific substance of communications or protected material).

B.   **Merial Cannot – and Has Not Even Attempted to – Meet its Burden under *Shelton***

Under *Shelton*, the party seeking the deposition bears the burden of establishing *all* three factors.  *Auto Alliance Int'l, Inc. v. United States*, 32 Ct. Int'l Trade 704, 709 (Ct. Int'l Trade 2008) (prohibiting deposition of defendant counsel where plaintiff was able to demonstrate only one of the three conditions under *Shelton*).  Here, Merial has failed to even address two of the three prongs of the

*Shelton* test beyond a single conclusory paragraph.  Opp'n 23-24.  It is clear that
Merial cannot do so.

    ***Shelton* Prong One:**  Merial fails to demonstrate that no other means exist
to obtain the information contained within the Hughes-Coons Declaration.  A party
cannot depose an attorney when another witness is available to provide the same
information.  *See Chopra v. Townsend, Townsend & Crew LLP*, No. 07-cv-02447-
MSK-MEH, 2008 U.S. Dist. LEXIS 86043, at *8 (D. Colo. Oct. 2, 2008)
(prohibiting attorney deposition because defendant had viable alternative witnesses
to depose).  Bayer has already provided Merial with a substantially identical
declaration from David Van Brunt, Bayer's head of marketing and the witness who,
unlike Ms. Hughes-Coons, is directly responsible for Bayer's advertising decisions.
Merial deposed Mr. Van Brunt with respect to each issue about which it claims it
must ask Ms. Hughes-Coons and, with the exception of the few instances where
Merial mischaracterizes his testimony, cannot point to a single instance where Ms.
Hughes-Coons would have better or different knowledge of relevant, non-
privileged information than Mr. Van Brunt.

    Merial's contentions that Ms. Hughes-Coons is a "critical" witness because
her declaration is "replete with statements of fact that are both material to the
court's voluntary cessation inquiry and eminently subject to dispute," Opp'n at 8-

14, and that it is "untenable" for Mr. Van Brunt to substitute for Ms. Hughes-Coons, are unavailing and disingenuous.  Opp'n at 17-21.  Even if the voluntary cessation doctrine were to apply, which Bayer disputes,[2] Merial has done nothing to demonstrate that Ms. Hughes-Coons' testimony is "material" to the question of whether "the challenged conduct has, in fact, ceased."  Opp'n at 9.  Merial simply cannot ignore (as it tries to) that it has already received from Mr. Van Brunt the information necessary to evaluate this argument.  Not only is Mr. Van Brunt's deposition a "viable alternative means" to provide the information, *see Chopra*, 2008 U.S. Dist. LEXIS 86043, at *8, but also Mr. Van Brunt is the witness in the best position to offer testimony on whether the challenged conduct could be reasonably expected to recur.  That Merial does not like the explanations that Mr. Van Brunt gave does not entitle Merial to depose Bayer's counsel.[3]

---

[2]   As demonstrated in its summary judgment papers, Bayer's advertisements at issue in this motion were all discontinued for reasons other than to avoid litigation, and Merial's heavy reliance on voluntary cessation is misplaced. Bayer Summ. J. Reply at 4-6.  Moreover, Bayer has submitted not one but two enforceable sworn statements to the Court stating that it will not reuse any of the advertisements at issue in this motion.  Thus, even if the voluntary cessation doctrine did apply, Bayer has demonstrated that there is no reasonable expectation that it will resume the challenged activity.  Bayer Summ. J. Reply at 6-8.

[3]   After having been told in two sworn declarations and in person by Mr. Van Brunt that the advertisements-at-issue have been ceased, Merial's continued claim that it must evaluate whether the ads truly have stopped is uncalled for.

Moreover, Merial's contention that Mr. Van Brunt's "testimony is not a sufficient source of the facts underlying Hughes-Coons testimony," Opp'n at 18, is not supported by his testimony.  For instance, although Merial claims that Mr. Van Brunt "repeatedly testified that he did not know everything [Ms.] Hughes-Coons was referring to in her declaration and that Merial would 'have to talk to Cynthia' for answers to Merial's questions about [Ms.] Hughes-Coons' declaration testimony," *see* Opp'n at 18, the testimony to which Merial refers is about Ms. Hughes-Coon's verification of Bayer's interrogatory responses, a topic unrelated to the Hughes-Coons declaration.  *See, e.g.,* Van Brunt Dep. 196:9-200:14.[4,5]

---

Bayer is a responsible corporation and its representations should be accorded due deference.  Merial – which, as a large corporation itself, has the means to investigate whether Bayer has in fact discontinued these ads – has certainly not come forward with any evidence to the contrary.

[4]   All cited excerpts of David van Brunt's deposition transcript can be found in Exhibit A to Merial's Opposition Brief.

[5]   The other testimony cited by Merial for this proposition also does not support the idea that Mr. Van Brunt testified that only Ms. Hughes-Coons could testify as to whether Bayer has actually ceased the advertisements at issue.  *See, e.g.,* Van Brunt Dep. at 205:19-206:20 (questions regarding why Hughes-Coons also submitted the same information in a separate affidavit); 207:22-209:10 (asking whether Ms. Hughes-Coons "might know the answer" to whether sales representatives handed out challenged detailers since Jan. 1, 2012), 224:15-227:2 (questioning whether Ms. Hughes-Coons was part of "field input teams" meetings where sales representatives provide input on selling strategies and promotional events and whether Van Brunt was part of "every discussion" Ms.

Further, Merial's contention that Mr. Van Brunt's testimony "conflicted with the testimony in both his own declaration and that of [Ms.] Hughes-Coons" is similarly unsupported.  Opp'n at 19.  The fact that out of the many discontinued advertisements Mr. Van Brunt did not recall why one chart from an old advertisement did not appear in a current advertisement does not warrant a deposition of Bayer's counsel.  *See* Van Brunt Dep. at 217:5-218:11.

*Shelton* **Prong Two**:  Merial also fails to demonstrate that a deposition of Ms. Hughes-Coons will not necessarily involve work product and privileged communications.  *SEC v. Buntrock*, 217 F.R.D.  441, 445 (N.D. Ill. 2003).  Ms. Hughes-Coons is the primary in-house counsel in charge of this litigation. Although the contents of the Hughes-Coons Declaration are largely either legal stipulations (*e.g.*, that Bayer will not use certain advertisements in the future) or merely statements of fact (*e.g.*, that Bayer has stopped using certain advertisements), any deposition of Ms. Hughes-Coons will unavoidably touch upon privileged communications and work product. [6]  Furthermore, the deposition

---

Hughes-Coons was involved in), 282:15-23 (asking why Ms. Hughes-Coons' declaration referenced the "Blagburn study"), 285:10-20 (questioning the date of Ms. Hughes-Coon's declaration).

[6]  Merial cites two cases in support of the proposition that attorneys may be deposed as fact witnesses, neither of which supports its argument.  In *N.F.A. Corp. v. Riverview Narrow Fabrics, Inc.*, 117 F.R.D. 83, 86 (M.D.N.C. 1987),

of Ms. Hughes-Coons will necessarily invade her own mental impressions and thoughts—protected opinion work product that is not waivable.  *Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386, 1422-23 (11th Cir. 1994) (opinion work product not subject to implied waiver); *In re Bilzerian*, 258 B.R. 846, 849 (M.D. Fla. 2001) (deposition of counsel prohibited where it will touch upon work product).

   ***Shelton* Prong Three**:  Lastly, Merial fails to prove that the information it seeks is crucial to the preparation of its case.  The possibility that there might be facts relevant to Merial's case does not make the information "crucial" enough to justify the "extreme step" of deposing an attorney.  *See Covington v. Walgreen Co.*, No. 1:11-CV-22900-GRAHAM/GOODMAN, 2012 U.S. Dist. LEXIS 80216, at *12 (S.D. Fla. June 11, 2012); *Boughton v. Cotter Corp.*, 65 F.3d 823, 831 (10th Cir. 1995) (holding that attorney's testimony regarding proof of fraud was not crucial to punitive damages because plaintiffs failed to establish as many other elements of the fraud as possible through alternative sources before seeking attorney deposition).  Contrary to Merial's single conclusory statement, Opp'n at

---

the court applied *Shelton* and **granted** the protective order, holding that the same information could be obtained from other sources and that the defendant failed to prove that the inquiries would not invade work product or privileged communications.  *Johnston Dev. Grp., Inc. v. Carpenters Local Union No. 1578*, 130 F.R.D. 348, 352 (D.N.J. 1990), concerned the deposition of attorneys with respect to conversations which did not implicate any privilege, as third parties had been present during the conversations.

24, Merial has suffered no prejudice in its ability to respond to Bayer's partial summary judgment motion.  It had access to all the relevant facts from the declaration and deposition of David Van Brunt before it filed its opposition; indeed, it repeatedly cited the Van Brunt deposition transcript in its opposition.  *See* Merial Summ. J. Opp'n Br. at 4, 8, 12, 16-19, 20, 22, 23.

Moreover, Merial's continued attempt to argue that Bayer's motivation and admission of alleged wrongdoing are "crucial" facts is misplaced.  For instance, relying heavily on the *Sheely* case, Merial notes that it must examine "(1) the motivation for the cessation, (2) the intent behind the alleged wrongful conduct, and (3) whether the party claiming mootness has admitted liability for the wrongdoing."  Opp'n at 8; *see also* Bayer Summ. J. Reply at 8 (disputing applicability of *Sheely*).  Not only does Merial mischaracterize the *Sheely* factors, but the Hughes-Coons Declaration made absolutely no mention of any information relating to the second or third points listed here, and Mr. Van Brunt has already provided information on the first point (the motivation for ceasing the advertisements at issue).[7]

---

[7]   As another example, Merial seeks information from Ms. Hughes-Coons relating to the "extent, more generally, Bayer's promise is nothing beyond its commitment not to use the specific executions described in Merial's complaint," Opp'n at 21, as well as Ms. Hughes-Coon's state of mind at the time of writing the declaration.  Opp'n at 23.  These topics are simply not

For all these reasons, Merial has not met its burden to depose Bayer's counsel.

## II.  Bayer Has Not Waived Any Privileges or Work Product Protection

Even if *Shelton* does not apply, Merial has failed to show that a deposition of Bayer's in-house counsel is appropriate.  Merial rests the remainder of its argument on the supposition that Bayer has waived attorney-client privilege or work product protection under *Cox v. Administrator United States & Carnegie*.  Merial's reliance on *Cox* is misplaced.[8]

*Cox* holds that privilege is waived when a party affirmatively places privileged information at issue and when the opposing party has been prejudiced by that act.  *Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386, 1418 (11th Cir.

---

"crucial" in determining Bayer's motion for partial summary judgment, nor are they disputed facts for purposes of that motion.  Bayer has agreed not to use specific executions – it has made no commitments beyond that.

[8]  Contrary to Merial's suggestion, the *Cox* standard does not displace the *Shelton* test.  *Cox* supplies a test for determining only whether privilege has been waived—which only goes to the second of the three *Shelton* factors.  Mere waiver of privilege, however, is not sufficient reason to depose an attorney.  Even if privilege has been waived, Merial must still show that the information sought is relevant and satisfy the remaining two *Shelton* prongs, which it has failed to do.  *See Chesher v. Allen*, 122 Fed. App'x 184, 188 (6th Cir. 2005) (holding that exception to privilege was only relevant to second prong of *Shelton*, and it was clear error for district court not to assess remaining *Shelton* factors).

1994).  Far from supporting Merial's position, the holding of *Cox* prohibits the

deposition of counsel in Ms. Hughes-Coons's position.  Specifically, the Eleventh

Circuit held that privilege was ***not*** waived where an attorney filed affidavits and

even testified in earlier trials.  *Id.*  Further, *Cox* emphasized that even if privilege

may have been waived, "the subject-matter waiver doctrine does not extend to

materials protected by the opinion work product privilege."  *Id.* at 1422.  The only

issue as to which the Court in *Cox* allowed attorney depositions was a reliance on

counsel defense, which is not at issue here, and even those depositions were

allowed solely by written question.[9]  *Id.* at 1423.

     First, contrary to Merial's supposition, Bayer has not placed any privileged

information at issue.  Subject matter waiver applies only when privileged

---

[9]   Although Bayer maintains that any deposition of its primary counsel
      responsible for this litigation is inappropriate, if the court is inclined to grant a
      deposition, it should allow a deposition only after all other efforts to obtain the
      information have been exhausted, and then should limit the deposition to
      written questions only.  Where a deposition of an attorney has the potential to
      touch upon sensitive, protected information, oral questions should not be
      allowed to prevent undue harassment, *Cox*, 17 F.3d at 1423; *N.F.A. Corp. v.
      Riverview Narrow Fabrics, Inc.*, 117 F.R.D. 83, 86 (M.D.N.C. 1987) ("In
      seeking to depose a party's attorney, the movant must demonstrate that the
      deposition is the only practical means available of obtaining the information.
      If there are other persons available who have the information, they should be
      deposed first.  Also, other methods, such as written interrogatories which do
      not involve the same dangers as an oral deposition, should be employed.")
      (citation omitted).

information has been disclosed in the first place.  *Id*. at 1417; *Se. Mech. Servs., Inc. v. Brody*, No. 8:08-CV-1151-T-30EAJ, 2009 U.S. Dist. LEXIS 80834, at *9 (M.D. Fla. Aug. 25, 2009) (there is no waiver of privilege where an attorney files an affidavit that does not reveal the substance of any protected communications).  The Hughes-Coons Declaration did not disclose the content of any privileged communication or work product—it does not even refer to any such communications or work product.  Therefore, no privilege has been waived.

Second, Merial has failed to demonstrate that it has suffered any prejudice.  As discussed in detail above, it has already deposed Mr. Van Brunt, and any deposition of Ms. Hughes-Coons at this point could be for no other purpose than harassment.[10]

Further, any deposition of Ms. Hughes-Coons would unavoidably touch upon information protected by opinion work product.  As the court in *Cox*

---

[10]  Merial's reliance on *Computer Network Corp. v. Spohler* is equally misplaced. *Computer Network* involved the affidavit of the secretary and executive vice president of a corporation, who just happened to also be general counsel. *Computer Network Corp. v. Spohler*, 95 F.R.D. 500, 502 (D.D.C. 1982).  In contrast, Ms. Hughes-Coons's sole involvement with Bayer's advertising is in her capacity as in-house counsel, and it would be impossible to separate her unwaivable opinion work product from her factual evidence at a deposition. Moreover, although the court in *Computer Network* allowed depositions to proceed with respect to the factual basis behind the affidavit, it prohibited discovery on other issues where the plaintiff had alternative means of obtaining the information. *Id.* at 503.

14

unequivocally held, opinion work product is not subject to waiver. *Cox*, 17 F.3d. at 1422-23. As the primary counsel in charge of this case, any deposition of Ms. Hughes-Coons would almost certainly infringe upon Ms. Hughes-Coons' own mental impressions and opinions.[11]

### CONCLUSION

For these reasons, Bayer respectfully moves this Court for a protective order preventing the deposition of Cynthia Hughes-Coons.

This 10th day of January, 2013.

Respectfully submitted,

WOMBLE CARLYLE SANDRIDGE &
RICE PLLC

s/ Robert R. Ambler, Jr.
Robert R. Ambler, Jr.
(rambler@wcsr.com)
Attorney Bar Number: 014462
Russell A. Williams
(rwilliams@wcsr.com)
Attorney Bar Number: 141659

---

[11] Merial's reliance on *United States v. Nobles* for the proposition that the subject matter waiver principle applies to non-opinion attorney work product is misplaced. *Nobles* involved the testimony of a non-lawyer investigator, not a lawyer, and the court stated that any waiver of work product immunity must be assessed on a case by case basis. 422 U.S. 225, 240 n.14 (1975). Specifically, *Nobles* does not apply where a counsel's affidavit did not reveal the specific substance of communications or protected material. *SEC v. Buntrock*, 217 F.R.D. 441, 447 (N.D. Ill. 2003).

271 17th Street, NW, Suite 2400
Atlanta, GA 30363-1017
(404) 872-7000
(404) 879-2924 (fax)


DEBEVOISE & PLIMPTON LLP


s/ Michael Schaper
David H. Bernstein
(dhbernstein@debevoise.com)
Michael Schaper
(mschaper@debevoise.com)
Christopher J. Hamilton
(cjhamilton@debevoise.com)
Megan K. Bannigan
(mkbannigan@debevoise.com)
*Admitted Pro Hac Vice*

919 Third Avenue
New York, New York 10022
(212) 909-6737
(212) 521-7952 (fax)

*Attorneys for Defendant*
*Bayer HealthCare LLC*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MERIAL LLC, | ) CIVIL ACTION FILE |
| | ) NO. 1:11-cv-02888-JOF |
| Plaintiff and Counterclaim-Defendant, | ) |
| | ) |
| v. | ) |
| | ) |
| BAYER HEALTHCARE LLC, | ) |
| | ) |
| Defendant and Counterclaim-Plaintiff. | ) |
| | ) |

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1(C)

This is to certify that the Reply Memorandum of Law in Further Support of

Bayer HealthCare LLC's Motion For A Protective Order was prepared using

Times New Roman 14 point font in accordance with Local Rule 5.1(C).

s/ Michael Schaper
Admitted Pro Hac Vice
Attorney for Bayer HealthCare LLC

Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
Telephone: (212) 909-6737
Email: mschaper@debevoise.com

Robert R. Ambler, Jr.
Womble Carlyle Sandridge & Rice, LLP
271 17th Street, NW, Suite 2400

Atlanta, GA 30363-1017
Telephone: (404) 872-7000
Email: rambler@wcsr.com

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ) | |
| MERIAL LLC, ) | CIVIL ACTION FILE |
| ) | NO. 1:11-cv-02888-JOF |
| Plaintiff and Counterclaim-Defendant, ) | |
| ) | |
| v. ) | |
| ) | |
| BAYER HEALTHCARE LLC, ) | |
| ) | |
| Defendant and Counterclaim-Plaintiff. ) | |
| ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2013, I caused to be electronically

filed the Reply Memorandum of Law in Further Support of Bayer

HealthCare LLC's Motion for a Protective Order using the CM/ECF system

which will automatically send email notification of such filing to the

following attorneys of record:

Courtland L. Reichman (creichman@McKoolSmith.com)
Jill Wasserman (jwasserman@McKoolSmith.com)

s/ Michael Schaper
Admitted Pro Hac Vice
Attorney for Bayer HealthCare
LLC

Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
Telephone: (212) 909-6737
Email: mschaper@debevoise.com

Robert R. Ambler, Jr.
Womble Carlyle Sandridge & Rice, LLP
271 17th Street, NW, Suite 2400
Atlanta, GA 30363-1017
Telephone: (404) 872-7000
Email: rambler@wcsr.com