# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MERIAL LLC, ) | CIVIL ACTION FILE |
| ) | NO. 1:11-cv-02888-JOF |
| Plaintiff and Counterclaim-Defendant, ) | |
| ) | |
| v. ) | |
| ) | |
| BAYER HEALTHCARE LLC, ) | |
| ) | |
| Defendant and Counterclaim-Plaintiff. ) | |

## DECLARATION OF MICHAEL SCHAPER

Michael Schaper hereby declares as follows:

1. I am an attorney at law in the State of New York and admitted pro hac vice in the present matter. I am a partner at the law firm of Debevoise & Plimpton LLP, counsel (along with Womble Carlyle Sandridge & Rice, LLP) for Defendant and Counterclaim-Plaintiff Bayer HealthCare LLC ("Bayer"). I have personal knowledge of the facts set forth below and respectfully submit this declaration in support of Bayer's Reply Memorandum of Law in Further Support of Its Motion for a Protective Order.

2. On November 9, 2012, this Court ordered that fact discovery should go forward in this case. Bayer provided Merial LLC ("Merial") with deposition dates for four of its six employee fact witnesses on November 20 (having already agreed to make David Van Brunt available on November 29). Ex. 1, E-mail from M. Schaper to S. Callahan (Nov. 20, 2012). Bayer provided deposition dates on December 12 for the only remaining fact witness noticed by Merial. Ex. 2, E-mail from M. Schaper to S. Callahan (Dec. 12, 2012).

3. Bayer provided Merial with deposition dates for its expert witnesses on January 2, 2013. Ex. 2, E-mail from M. Schaper to S. Callahan (Jan. 2, 2013).

4. Bayer served a Rule 30(b)(6) deposition notice on September 27, 2012. Ex. 3, 30(b)(6) Notice. As of the date of this Declaration, Merial still has not identified its 30(b)(6) witness(es) or given Bayer possible dates for that deposition, despite repeated requests from Bayer's counsel that it do so. Ex. 2, E-mail from S. Callahan to M. Bannigan (Jan. 7, 2013).

5. As of December 6, 2012, when Merial filed its Opposition to Bayer's Motion for Partial Summary Judgment, which accused Bayer of

obstructing discovery, Merial had not provided deposition dates for any of its fact witnesses.  Merial did not provide deposition dates for any of its fact witnesses until December 12.  Ex. 2, E-mail from S. Callahan to M. Schaper (Dec. 12, 2012).

6. As of the date of this Declaration, Merial has also failed to provide any deposition dates for one of its expert witnesses, Dr. C. Thomas Nelson.

I hereby declare under penalty of perjury that the foregoing is true and correct.

Executed on January 10, 2013

                                           s/ Michael Schaper
                                           Michael Schaper